## WALTER CARR V. THE STATE.

No. 18677.   Delivered April 21, 1937.
State's Motion for Rehearing Withdrawn May 12, 1937.

The opinion states the case.

*Fred Erisman,* of Longview, for appellant.

*Oscar B. Jones,* Criminal District Attorney, of Longview, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for maintaining common nuisance; punishment, a fine of $1000.00.

The charging part of the complaint in this case is as follows:

"Did then and there unlawfully maintain a common nuisance at Gladewater, Gregg County, Texas, the same being a building and structure and place where intoxicating liquor is sold, kept and bartered in violation of the law of this State against the peace and dignity of the State."

We are constrained to believe said complaint and the information based thereon fundamentally defective, and that same do not charge an offense so as to apprise the accused of what he shall be expected to meet. To merely charge that accused maintained a common nuisance is not sufficient when there seem some sixteen or eighteen ways laid down in Art. 1, Chap. 467, Acts First Called Session of 44th Legislature, in which intoxicating liquor may be kept, sold and bartered in violation of law, and the information and complaint in this case do not specify or name anyone of these ways. In other words, this appellant could not tell from an inspection of the State's pleadings whether he might expect to be tried for keep-

ing intoxicating liquor in broken and unsealed containers for sale for human consumption, or whether the offense was selling such liquor without having obtained a permit, or for not having a distiller's permit and selling to some one other than the holder of a wholesaler's permit, or for selling intoxicating liquor between 12 o'clock P. M. and 7 o'clock A. M., or for selling on election day, or on Sunday, or to a person under twenty-one years old, or to an habitual drunkard, or to one visibly intoxicated, etc., etc.

In Todd v. State, 89 Texas Crim. Rep., 99, we had occasion to pass upon a similar question, and the legal matters involved were set out at length, and our views expressed in the opinion in that case.

Being of opinion the State's pleading in this case was insufficient, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—On April 28, 1937, the State through the Criminal District Attorney of Gregg County filed a motion for rehearing. The District Attorney now advises that he desires permission to withdraw the motion, which is hereby granted, and the clerk of this court is directed to issue mandate on the original opinion.

*Withdrawn.*