HARVEY COMMANDER V. THE STATE.

No. 21141. Delivered October 16, 1940.

The opinion states the case.

*H. L. Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is maintaining a liquor nuisance; the punishment, a fine of $300.00 and confinement in jail for thirty days.

The complaint and information charged, in substance, that on the 16th day of November, 1939, appellant maintained and operated a common nuisance in a house, building, structure and place which he controlled and which was situated "about one-half mile northwest from the City of Nacogdoches, on the old Tyler Road in Nacogdoches County, Texas." Specifying the acts of appellant in maintaining such alleged nuisance, the complaint and information charged that whisky was kept, stored, sold and bartered in violation of the laws of the State

of Texas in such house, building, structure, etc. In addition to alleging that the offense occurred on or about the sixteenth of November, 1939, it was set forth that appellant kept, stored, sold and bartered such whisky on the premises mentioned on the first day of October, 1939, the fourth day of October, 1939, and the sixth day of November, 1939.

Appellant made a motion to quash the complaint and information, which, among other things, was based on the ground that such pleadings did not charge him in plain and concise language with any certain offense against "the State Prohibition Laws." We take the following statement from the brief of appellant: "In charging the criminal offense of maintaining a common nuisance, the particular act of which the state complains must be set forth in plain and intelligible words, so that the accused may know what he will be called to answer, and may be able to prepare for his defense, especially where there are a number of ways said offense may be committed; said pleading must not be indefinite and uncertain and must not charge more than one offense in one count; * * *."

In support, of his contention that the pleadings of the state are indefinite, appellant cites Carr v. State, 104 S. W. (2d) 866, in which a complaint in language as follows was held to be fundamentally defective: "Did then and there unlawfully maintain a common nuisance at Gladewater, Gregg County, Texas, the same being a building and structure and place where intoxicating liquor is sold, kept and bartered in violation of the law of this State against the peace and dignity of the State."

In holding the complaint defective in Carr's Case, this court, speaking through Judge Lattimore, said: "We are constrained to believe said complaint and the information based thereon fundamentally defective, and that the same do not charge an offense so as to apprise the accused of what he shall be expected to meet. To merely charge that accused maintained a common nuisance is not sufficient when there seem some sixteen or eighteen ways laid down in article 1, chap. 467, Acts Second Called Session of 44th Legislature (Vernon's Ann. P. C. art. 666-1 et seq.) in which intoxicating liquor may be kept, sold, and bartered in violation of law, and the information and complaint in this case do not specify or name any one of these ways. In other words, this appellant could not tell from an inspection of the State's pleadings whether he might expect to be tried for keeping intoxicating liquor in broken and unsealed containers for sale for human consumption, or whether

the offense was selling such liquor without having obtained a permit, or for not having a distiller's permit and selling to some one other than the holder of a wholesaler's permit, or for selling intoxicating liquor between 12 o'clock p. m. and 7 o'clock a. m., or for selling on election day, or on Sunday, or to a person under twenty-one years old, or to an habitual drunkard, or to one visibly intoxicated, etc." The statute under which the complaint and information were drawn in Carr's Case was substantially the same as that involved in the present prosecution. We quote the pertinent part of the present statute (Article 666-29, Vernon's Ann. Texas P. C.) as follows: "Any room, building, boat, structure, or place of any kind where liquor is sold, manufactured, bartered, or given away in violation of this Act, * * * or any place where such beverages are kept for sale, barter, or gift in violation of law, and all liquor and property kept and used in said place, hereby are declared to be a common nuisance * * *."

When statewide prohibition prevailed in Texas Article 688, P. C., 1925, provided as follows: "Any room, house, building, boat, structure or place of any kind similar or dissimilar to those named, where intoxicating liquor is kept, possessed, sold, manufactured, bartered or given away, or to be transported to or transported from in violation of law, and all intoxicating liquors and all property kept in and used in maintaining such place are hereby declared to be a common nuisance."

In Davis v. State, 292 S. W. 1109, this court had before it the question whether an indictment charging the offense denounced in the last quoted statute was sufficient against exceptions, as follows: "(a) It was not alleged that accused kept the intoxicating liquor in the building; (b) it was not alleged that accused himself sold said intoxicating liquor; and (c) it failed to allege that accused 'knowingly' kept intoxicating liquor for the purpose of sale."

In upholding the sufficiency of the indictment, this court, speaking through Judge Hawkins, used language as follows: "It is believed the absence of none of the averments mentioned affects the validity of the indictment. The offense denounced in article 688, supra, is not the sale of liquor, nor the keeping of it for the purpose of sale, but maintaining a nuisance by keeping or maintaining a building in which intoxicating liquors are kept, possessed, or sold in violation of law. For one to be guilty of the offense so denounced it is not thought to be requisite that accused himself sell or keep for sale the intoxicating liquor in the building, hence no necessity for so averring;

it therefore follows that it would likewise be unnecessary to allege that accused 'knowingly' kept the liquor for purpose of sale. Neither would it be required to allege that accused 'knowingly' kept or maintained the building, etc. The word 'knowingly' is not used in the statute under consideration. Article 688. It is used in article 687, in defining a kindred offense, and by reason of its use there this court held in Morris v. State, 93 Tex. Cr. R. 99, 245 S. W. 915, that its omission by the pleader in attempting to charge an offense under said article 687 would be fatal to the validity of the indictment."

It is observed that in upholding the sufficiency of the indictment in the Davis Case the court considered and discussed its sufficiency only in the light of the exceptions embraced in the motion to quash. Stated in another way, the court held it was not necessary to allege that the accused kept the intoxicating liquor in the building; and that it was not necessary to allege the accused himself sold intoxicating liquor, etc.; and again that it was not necessary to allege that the accused knowingly kept such liquor for the purpose of sale. Whether an indictment merely following the language of the statute was sufficient was not decided. Hence we are of opinion that the Davis Case—cited by the state—is not authority for holding the complaint and information in the present case sufficient. On the contrary, the opinion is expressed that when we look to the questions decided in the Carr and Davis Cases there is an absence of conflict and that the holding in Carr's Case is controlling in determining the sufficiency of the state's pleadings in the instant case. It follows that in giving application to the holding in Carr's Case we must hold the complaint and information defective.

We are of opinion that the complaint and information are not subject to appellant's complaint that they are duplicitous. We quote from 33 C. J., page 734, as follows: "Since maintaining a nuisance is a continuing offense, it may be alleged to have been kept and maintained on a day named 'and on divers other days and times' prior to the indictment."

The proof fails to support the allegations in the state's pleadings relative to the description of the premises where it was alleged the nuisance was maintained. Proof supporting such averment was necessary.

The judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.