## TAYLOR SMITH v. THE STATE.

*No. 41. Decided December 3.*

1. **Perjury Committed on a Trial in a Case where Jury was not Sworn.**—On a trial for perjury, where it was insisted that the offense had not been committed, because the jury had not been sworn in the case on trial before the justice of the peace, on which trial it was alleged the accused had committed the perjury charged, *held,* the correct rule is, that if the court has jurisdiction of the subject matter of the suit, and the oath is required by law, irregularities in the proceedings will not prevent perjury.

**2. Evidence—Justice's File Papers and Judgment as Evidence.**
It is no objection to the admissibility in evidence of the file papers and judgment of a Justice Court, that the justice's file mark did not show of what precinct he was justice.

APPEAL from the District Court of Falls. Tried below before Hon. L. W. GOODRICH.

This appeal is from a judgment of conviction for perjury, wherein the punishment was assessed at five years confinement in the penitentiary. The perjury was assigned upon the testimony of defendant in a case on trial before a justice of the peace, wherein defendant was being tried upon complaint charging him with playing craps at or near Alex Wilburn's crib, and wherein he testified that he did not play at said game of craps, as charged.

It is not necessary to give a statement of the facts to elucidate the opinion on this appeal.

*B. H. Rice* and *F. M. Bayles*, for appellant.—The court erred in admitting in evidence, over defendant's objection, the complaint upon which defendant was prosecuted in the Justice Court, because it does not appear from said complaint that it was filed by the justice of the peace of precinct No. 3, Falls County, Texas, as alleged in the indictment, said justice only styling himself " justice of the peace of Falls County, Texas," without designating the precinct.

In a Justice Court the beginning of a criminal judicial proceeding is the filing of the complaint by the justice of the precinct in which the case is to be tried; hence a complaint which does not appear on its face to have been thus filed is not admissible to show the pendency of a judicial proceeding. Neiman v. The State, 29 Texas Ct. App., 360.

In a criminal case to be tried by a jury, until the jury is duly empanelled and sworn as the law directs, the defendant is not required to testify, nor is his testimony necessary for the prosecution or defense of any private right, nor for the ends of public justice; and a false statement made under such circumstances is not perjury. False testimony given before an illegally constituted tribunal is not perjury.

It is shown by the witnesses Robbins and Jones that the jury in the Justice Court, in the case in which the false testimony is alleged to have been given, were not sworn specially to try that case, but were sworn on the first day of that term of court to try all cases submitted to them, and that case was tried on the second day of the term, without the jury having again been sworn. Code Crim. Proc., art. 919; Sutton v. The State, 41 Texas, 513; Bray v. The State, 41 Texas, 560; Chambliss v. The State, 2 Texas Ct. App., 396; Miles v. The State, 1 Texas Ct. App., 510; Smith v. The State, 1 Texas Ct. App., 516; The People v. Tracy, 9 Wend.,

265; The State v. Peeters, 42 Texas, 7; West v. The State, 8 Texas Ct. App., 119; Anderson v. The State, 24 Texas Ct. App., 705.

The several other propositions, with authorities, contained in appellant's brief are not reported, because not noticed in the opinion of the court.

No brief on file for the State.

HURT, PRESIDING JUDGE.—Appellant was charged and convicted before a justice of the peace "for betting at a game of craps." Upon the craps trial he swore that he had not bet on craps at the time and place alleged in the complaint. Upon his evidence was assigned perjury.

That he had bet at craps as charged was most clearly established on the trial of the perjury case, and he was therefore guilty of perjury, unless the fact that the jury in the craps case was not properly sworn relieves his false testimony of the taint of perjury. In the craps case the Justice Court had jurisdiction of the subject matter as well as the person.

We are not to be understood as holding that perjury could not be committed in a judicial proceeding under any circumstances, unless the court had acquired jurisdiction of the person of defendant. In this case the jury was selected, but was not sworn as the law directs. Upon the trial before the court with such a jury, could perjury be committed, though the false testimony would be perjury if the jury had been legally sworn? Perjury is a false statement, either written or verbal, deliberately and willfully made, relating to something past or present, under the sanction of an oath, where such oath is legally administered under circumstances in which an oath is required by law, or is necessary for the prosecution or defense of any private right, or for the ends of public justice. An oath, legally taken in any stage of a judicial proceeding, civil or criminal, in or out of court, or before a grand jury, is included in the description of this offense. Now, it is contended, too, that until the jury be legally sworn the oath is not required by law, and is therefore not legally taken; in other words, the objection of appellant is that all of the proceedings must be regular up to the time the oath is taken in order for the oath to be legally taken. We can not agree to such a proposition. The effect would be fatal to a great many prosecutions for perjury if the proposition was extended to its legitimate consequences.

The correct rule seems to be, that if the court has jurisdiction of the subject matter of the suit, and the oath is required by law, irregularities in the proceedings will not prevent perjury.

In The State v. Hall, Blackford, 25, a trial was had before a court and jury of six men. Hall testified in the case, and his evidence was assigned as perjury. It was urged there was no perjury, because the case was tried before a jury of six men, and that a trial by a jury of six men in such a

case was wholly unauthorized by law, and that the proceedings were therefore illegal and void.   To this the Supreme Court replied: "Where the false swearing was in the course of a judicial proceeding, we do not think it essential to the commission of the offense of perjury that all the proceedings on the trial should be strictly regular.   It is essential, however, that the court have jurisdiction of the subject matter, and power to administer an oath to the witness."   See, also, The State v. Lavally, 9 Mo., 834; Anderson v. The State, 20 Texas Ct. App., 312.   Let us suppose that the accused had been acquitted by an unsworn jury, would the acquittal bar another prosecution for the same offense?   We think so.

Upon the trial the court admitted in evidence, over the objections of appellant, the file papers and judgment of conviction in the Justice Court of Precinct No. 3, Falls County, Texas, cause No. 435.   The court instructed the jury that these papers and justice's docket could not be considered for any purpose.   But counsel for appellant contends that these papers and docket were not evidence, because the justice's file mark did not show of what precinct he was justice.   Without intending to reflect upon the learned counsel for appellant, we think this objection hypercritical.   Having found no error in the judgment, it is affirmed.

*Affirmed.*

Simkins, J., concurs.   Davidson, J., absent.