## Lewis Lewellen v. The State.

### No. 4149. Decided November 11, 1908.

**1.—Carrying Pistol—Complaint—Pleading.**

Where the statutes make two or more distinct acts connected with the same transaction indictable and the pleader undertakes to charge more than one of the means in the statute, these must be pleaded conjunctively, although they may be stated in the alternative or disjunctively in the statute; and a pleading that the defendant carried on and about his person a pistol, is correct, and there was no error.

**2.—Same—Sufficiency of the Evidence.**

Where upon trial of unlawfully carrying a pistol, two theories were presented by the evidence, under one of which a verdict of guilty could be sustained, the same will not be disturbed.

Appeal from the County Court of Titus. Tried below before the Hon. Seb F. Caldwell.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of unlawfully carrying a pistol on his person, his punishment being assessed at a fine of $100.

The affidavit charged him with carrying on or about his person a pistol. The indictment is not sufficient, in fact is fatally defective. The wording of the complaint seems to follow the wording of the statute, and charges the offense in the alternative instead of conjunctively. It is a well settled rule, in regard to this character of pleading, that where the statute makes two or more distinct acts connected with the same transaction indictable, and the pleader undertakes to charge more than one of the means found in the statute, these must be plead conjunctively, although they may be stated in the alternative or disjunctively in the statute. If not thus plead, the indictment will be fatally defective in matter of substance. In Tompkins v. State, 4 Texas Crim. App., 161, the indictment was quashed, because two separate offenses were joined with the word "or" instead of "and." See Hart v. State, 2 Texas Crim. App., 39; Copping v. State, 7 Texas Crim. App., 61; Roach v. State, 8 Texas Crim. App., 490; Johnson v. State, 9 Texas Crim. App., 249, and Wells v. State, 21 S. W. Rep., 370. In Davis v. State, 23 Texas Crim. App., 637, as well as in Walker v. State, 32 Texas Crim. Rep., 517, the indictment was quashed where it stated the offense disjunctively. In Hart and Wells cases, supra, and in Burrows v. State, 17 S. W. Rep., 257; Parker v. State, 20 S. W. Rep., 707; Garza v. State, 22 S. W. Rep., 139, and Young v. State, 37 Texas Crim. Rep., 457; 41 S. W. Rep., 885, it was held that a recognizance which recited that appellant stood charged and was convicted of carrying on *or* about his person a pistol instead of on *and* about his person, etc., was insufficient and the appeal was dismissed in those cases because of an insufficient recognizance. Where a statute provides that an offense may be committed by one of various methods or by different means, if the pleader seeks to charge more than one of the means or methods stated, it is not permissible to charge in the alternative.

The complaint herein is, therefore, vicious, and must be held insufficient as a predicate for the prosecution. This being the case, the judgment will be reversed and the prosecution ordered dismissed, which is accordingly done

*Reversed and dismissed.*

ON REHEARING.

December 9. 1908.

DAVIDSON, Presiding Judge.—On a former day of this term the judgment was reversed and the prosecution ordered dismissed on account of the insufficient pleading in the affidavit, to wit: that the offense was charged in the alternative. Motion for rehearing is filed by the State, and it is now made to appear by corrected transcript that the allegation was not in the alternative but in accordance with proper pleading. As originally transcribed the affidavit made it appear that appellant carried on *or* about his person a pistol. The corrected transcript shows that the allegation was that he did carry on *and* about his person a pistol. This is correct. The motion for rehearing is granted, and the case is reinstated upon the docket.

Upon the transcript as now presented, we are of opinion there is not sufficient error pointed out to justify the court in reversing and remanding the case. The charge fully and sufficiently covers the questions involved, and in addition the court gave a rather favorable instruction as requested by appellant.

In regard to appellant's contention that the evidence is not sufficient, we find that there are two theories presented by the facts. The jury gave credence to the evidence for the State. We would hardly feel justified in setting aside the verdict of the jury in the condition of the record in regard to the sufficiency of the evidence. We deem it unnecessary to enter into a detailed statement.

The judgment is now ordered affirmed.

*Affirmed.*