## S. J. BRISCOE v. STATE

No. 32,347. December 14, 1960

*C. B. Bunkley, Jr., W. J. Durham, K. F. Holbert, L. A. Bedford, Jr.,* and *Fred J. Finch Jr.,* all of Dallas, for appellant.

*Charles A. Allen,* Criminal District Attorney, *Don Rives,* Assistant Criminal District Attorney, Marshall, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The complaint and information alleged in part that appellant, with Lawrence Joseph, Jeanette Otis and Albert F. Campbell,

and others, did "unlawfully meet together with intent to aid each other *by violence* OR *in some other manner,* to wit; by meeting and entering a private place of business, to illegally deprive W. W. Hall of his right of pursuing the labor, occupation and employment" of operating a lunch counter, the purpose of said unlawful assembly and the intent of appellant, Lawrence Joseph Jeanette Otis and Albert F. Campbell in engaging therein being, "to prevent said W. W. Hall from pursuing said labor, occupation and employment, and to intimidate him from following his daily vocation, and to interfere with his said labor and employment."

Art. 439 V.A.P.C. defines an unlawful assembly as "the meeting of three or more persons with intent to aid each other *by violence or in any other manner* either to commit an offense or illegally deprive any person of any right or to disturb him in the enjoyment thereof."

Art. 449 V.A.P.C. provides that if the purpose of the unlawful assembly be to prevent any person from pursuing any labor, occupation or employment, or to intimidate any person from following his daily avocation, or to interfere in any manner with the labor or employment of another, the punishment shall be by fine not exceeding five hundred dollars.

The complaint and information were drawn under the above statutes and trial thereon resulted in a jury verdict finding appellant guilty and assessing a $400.00 fine.

Under the statute the intent of the persons meeting to aid each other to commit an offense or to illegally deprive any person of any right or to disturb him in the enjoyment of any right may be the intent to do so by violence or the intent to do so in some other manner than by violence.

The information was in the disjunctive, and gave no notice whether the state would rely on an intent by violence to disturb W. W. Hall and deprive him of his right to operate a lunch counter, or would rely upon proof of an intent to so disturb and deprive W. W. Hall of such right by some means other than by the use of violence.

Where a statute provides that an offense may be committed by one of various methods, if the pleader seeks to charge more than one of the methods stated, it is not permissible to charge in the disjunctive. Lewellen v. State, 54 Tex. Cr. R. 640, 114 S.W. 1179.

The allegation "by violence or in some other manner" renders the information uncertain. Manual of Reversible Errors by Erisman, Sec. 24, p. 16, and cases cited; Branch's Ann. P.C. 2d Ed. Sec. 523, and cases cited.

The trial court erred in overruling appellant's motion to quash the information because of such uncertainty.

The judgment is reversed and the prosecution under the present complaint and information is ordered dismissed.