Homer Z. HUNTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 59124.

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 31, 1979.

**396**

James T. Flynt and James Douglas Pickett, Winnsboro, for appellant.

C. Stephen Hughes, Asst. Dist. Atty., Sulphur Springs, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

### OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury for aggravated assault. The jury assessed punishment at imprisonment for 10 years.

On September 20, 1978, we abated the appeal in an unpublished per curiam opinion in order that the record might be approved in accordance with Article 40.09(7), Vernon's Ann.C.C.P., and so that briefs might be filed in the trial court. The record has now been properly approved, and briefs have been filed; consequently, we reinstate the appeal for consideration on the merits.

Only one contention is raised on appeal. In it appellant contends that the indictment is defective, because it alleges in the disjunctive that he intentionally or knowingly committed the offense, rather than alleging in the conjunctive that he intentionally and knowingly committed the offense. For the reasons that follow, we overrule this contention and affirm the judgment of the court below.

The indictment, omitting its formal parts, alleged that appellant, on or about February 2, 1977, "did then and there intentionally or knowingly threaten another, SAMMY RAY POTTS, with imminent bodily injury, by the use of a deadly weapon, to-wit: a gun." Thus, the indictment was drawn under V.T.C.A., Penal Code, Sections 22.-01(a)(2) and 22.02(a)(3), which provides that a person commits an offense if he intentionally or knowingly threatens another with imminent bodily injury and uses a deadly weapon.

The record reflects that appellant filed a motion to dismiss the indictment prior to trial. The motion alleged, among other things, that the indictment did not adequately and fairly inform appellant of the offense or offenses sought to be charged against him and was so vague, indefinite, contradictory, and uncertain as not to inform appellant of the nature and cause of the accusation against him. The court overruled the motion finding that "the indictment is not vague and uncertain because of the use of the disjunctive word 'or' in the phrase 'Intentionally or knowingly' . . . ." The record also shows that appellant attacked the disjunctive allegation in the indictment by motion in arrest of judgment and by amended motion for new trial. In his brief appellant cites several authorities which appear to support his position. The authorities cited will be discussed.

The first case cited is *Lewellen v. State*, 54 Tex.Cr.R. 640, 114 S.W. 1179 (1908). There it is stated:

"The affidavit charged [Lewellen] with carrying on or about his person a pistol. The indictment is not sufficient; in fact, is fatally defective. The wording of the complaint seems to follow the wording of the statute, and charges the offense in the alternative, instead of conjunctively. It is a well-settled rule, in

regard to this character of pleading, that where the statute makes two or more distinct acts connected with the same transaction indictable, and the pleader undertakes to charge more than one of the means found in the statute, these must be pleaded conjunctively, although they may be stated in the alternative or disjunctively in the statute. If not thus pleaded, the indictment will be fatally defective in matter of substance. In *Tompkins v. State,* 4 Tex.App. 161, the indictment was quashed because two separate offenses were joined with the word 'or,' instead of 'and.' See *Hart v. State,* 2 Tex.App. 39, *Copping v. State,* 7 Tex.App. [61] 62, *Roach v. State,* 8 Tex.App. [478] 490, *Johnson v. State,* 9 Tex.App. [249] 252, and *Wells v. State* (Tex.Cr.App.) 21 S.W. 370. In *Davis v. State,* 23 Tex.App. [637] 639, 5 S.W. 149, as well as in *Walker v. State,* 32 Tex.Cr.App. [517] 518, 24 S.W. 909, the indictment was quashed where it stated the offenses disjunctively. In *Hart* and *Wells* Cases, supra, and in *Burrows v. State* (Tex.App.) 17 S.W. 257, *Parker v. State* (Tex.Cr.App.) 20 S.W. 707, *Garza v. State* (Tex.Cr.App.) 22 S.W. 139, and *Young v. State* (Tex.Cr.App.) 42 S.W. 564, it was held that a recognizance which recited that appellant stood and charged and was convicted of carrying on 'or' about his person a pistol instead of on 'and' about his person, etc., was insufficient, and the appeal was dismissed in those cases because of an insufficient recognizance. Where a statute provides that an offense may be committed by one of various methods or by different means, if the pleader seeks to charge more than one of the means or methods stated, it is not permissible to charge in the alternative."

"The complaint herein is therefore vicious, and must be held insufficient as a predicate for the prosecution. This being the case, the judgment will be reversed, and the prosecution ordered dismissed, which is accordingly done."

On rehearing it was made to appear by corrected transcript that appellant had indeed been charged with carrying on and about his person a pistol; and, the conviction was affirmed.

In *Lenox v. State,* 142 Tex.Cr.R. 194, 152 S.W.2d 342 (1941), the defendant was convicted of maintaining a common nuisance. The Court stated:

"Appellant timely moved to quash the complaint and information on the ground that it failed to charge an offense against the law. It is alleged also that the charges are in the disjunctive in that it is alleged that appellant was keeping a place '* * * where intoxicating liquor, to wit, beer and whiskey was kept, possessed and sold or given away * * *.' It further sets out that the complaint and information failed to negative the fact that appellant did not have a license to sell intoxicants. It charges the many items which the statute prohibits and we would be unable to know which offense the appellant would be called on to defend. A guilty man might be in position to choose the one, but our laws presume him to be innocent. The charge must be specific. We think the motion should have been granted. *Carr v. State,* 132 Tex.Cr.R. 438, 104 S.W.2d 866; *Commander v. State,* 140 Tex.Cr.R. 38, 143 S.W.2d 953."

On original submission in *Wilson v. State,* 151 Tex.Cr.R. 570, 209 S.W.2d 598 (1948), a conviction upon a plea of guilty to the offense of assault with a prohibited weapon was reversed. It was there stated that the indictment charged that Wilson "did then and there while then and there unlawfully carrying on or about her person a pistol, with the said pistol did then and there wilfully commit an assault in and upon James Ward with said Pistol, and did then and there with said pistol shoot the said James Ward." The Court stated:

"An indictment which charges that the accused did carry on or about his person a pistol does not charge the unlawful carrying of a pistol, because the use of the word 'or' rather than the word 'and' renders such allegation uncertain and the indictment defective. Branch's P.C., Sec. 967; *Evage v. State,* 136 Tex.Cr.R. 318,

125 S.W.2d 295; *Jenkins v. State,* 143 Tex.Cr.R. 515, 159 S.W.2d 885.

"It follows that the instant indictment, in charging that the pistol was carried 'on or about her person' does not charge that the pistol was unlawfully carried, and is, therefore, fatally defective."

On State's motion for rehearing a supplemental transcript was presented to the court showing that an error was made in copying the indictment; in the original transcript the word "or" was used instead of the word "and." The Court then stated: "As so corrected the indictment is in compliance with law."

The cases of *Scott v. State,* 153 Tex.Cr.R. 492, 221 S.W.2d 608 (1949), and *Nichols v. State,* 171 Tex.Cr.R. 11, 344 S.W.2d 167 (1961), which are cited by appellant, and *Mosley v. State,* 139 Tex.Cr.R. 550, 141 S.W.2d 948 (1940), which is not cited by appellant, all involved pleadings which allege that the defendant carried a pistol "on or about his person."

In *Wengeroth v. State,* 163 Tex.Cr.R. 511, 294 S.W.2d 122 (1956), the defendant was convicted for unlawfully hunting deer with an artificial light. Omitting the formal parts of the complaint, it was alleged that the defendant " * * * did then and there unlawfully and willfully hunt deer by the aid of an artificial light attached to an automobile, *or* did then and there unlawfully and willfully hunt deer by the aid of an artificial light * * * ." (Emphasis in original). In reversing the conviction and ordering the prosecution dismissed, the Court stated:

"The use of the disjunctive 'or' in charging an offense renders the allegation uncertain. 'Manual of Reversible Errors' by Erisman, Sec. 24, p. 16, and cases there cited."

In *Briscoe v. State,* 170 Tex.Cr.R. 321, 341 S.W.2d 432 (1960), the complaint and information alleged that the defendant, and others, did " 'unlawfully meet together with intent to aid each other by violence or in some other manner, to wit; by meeting and entering a private place of business, to illegally deprive W. W. Hall of his right of

pursuing the labor, occupation and employment' of operating a lunch counter, the purpose of said unlawful assembly and the intent of appellant, [and others,] in engaging therein being 'to prevent said W. W. Hall from pursuing said labor, occupation and employment, and to intimidate him from following his daily vocation, and to interfere with his said labor and employment.' " There, in reversing the conviction and ordering the prosecution dismissed, the Court stated:

"Under the statute the intent of the persons meeting to aid each other to commit an offense or to illegally deprive any person of any right or to disturb him in the enjoyment of any right, may be the intent to do so by violence or the intent to do so in some other manner than by violence.

"The information was in the disjunctive, and gave no notice whether the state would rely on an intent by violence to disturb W. W. Hall and deprive him of his right to operate a lunch counter, or would rely upon proof of an intent to so disturb and deprive W. W. Hall of such right by some means other than by the use of violence.

"Where a statute provides that an offense may be committed by one of various methods, if the pleader seeks to charge more than one of the methods stated, it is not permissible to charge in the disjunctive. *Lewellen v. State,* 54 Tex.Cr.R. 640, 114 S.W. 1179.

"The allegation 'by violence or in some other manner' renders the information uncertain. Manual of Reversible Errors by Erisman, Sec. 24, p. 16, and cases cited; Branch's Ann.P.C. 2d Ed. Sec. 523, and cases cited."

*Jasper v. State,* 403 S.W.2d 790 (Tex.Cr. App.1966), was a conviction for contributing to the delinquency of a minor. There the information charged the defendant did " * * * on or about the 27th day of March A.D., 1965, and before the filing of this information, in the County of Brown and State of Texas, did then and there unlawfully contribute to the delinquency of

Joe Dellis, a male, then and there under the age of 17 years, by allowing the said minor to remain in a place where intoxicating liquors were kept, drunk, used or sold, * * * *." There it is stated:

"The complaint and information are fatally defective for the additional reason that the charges are made disjunctively, it being alleged that appellant allowed the minor to remain in a place where intoxicating liquors were kept, drunk, used *or* sold. *Lenox v. State,* 142 Tex. Cr.R. 194, 152 S.W.2d 342." (Emphasis in original).

Our examination of the Texas authorities and those from other jurisdictions shows that the apparent reason for the rule is that it fails to give the defendant notice of the charges against him and is vague and uncertain. This stated reason, however, will not withstand critical analysis.

The indictment in the instant case alleged that appellant "intentionally or knowingly" committed an aggravated assault. The defendant was put on notice that the State would attempt to prove either that he intentionally committed an aggravated assault or that he knowingly committed an aggravated assault. Under the statutes under which this indictment was drawn, the State was not required to prove both that appellant "intentionally and knowingly" committed the offense, but rather could prove that he "intentionally or knowingly" committed the offense. We fail to see how the defendant was not put on notice or was misled or harmed in any way. Nor, do we perceive how the indictment was uncertain or vague as contended by appellant.

It appears to us that the prohibition on disjunctive pleading, in a case such as the instant one, is a hyper-technical rule such as might be found in a 19th Century pleading book. It has overtones of the old forms of action, such as trespass, case, debt, detinue, trover, etc. The prohibition of disjunctive pleading, such as that used in the instant case, has no place in the pleading of criminal cases in the 20th Century. This is not to say, however, that there may be some instances in which a particular disjunctive pleading would be so vague, uncertain, and indefinite, as to give no notice of the offense charged.

Moreover, the use of the disjunctive word "or" in the instant case has far less tendency to mislead a defendant than the allegation in the instant indictment that the offense was committed "on or about the 2 day of February, 1977, . . . ." The use of the disjunctive word "or" between the words "intentionally" and "knowingly" at least lets the defendant know that the State will attempt to prove an intentional or knowing violation of the law. However, the allegation that the offense was committed "on or about" February 2, 1977, allows the State to prove the offense was committed at any time before the return of the indictment and within the statute of limitations for the offense of aggravated assault, a period of three years. Nevertheless, the use of an "on or about" allegation as to the date of the commission of an alleged offense has been uniformly upheld against all attack. See Article 21.02, Vernon's Ann.C. C.P., Annotation 25, and cases there cited.

Furthermore, the use of the disjunctive word "or" between culpable mental states under the new Penal Code is permissible. Under V.T.C.A., Penal Code, Section 6.02(d), culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

(1) intentional;

(2) knowing;

(3) reckless;

(4) criminal negligence.

In *Cowan v. State,* 562 S.W.2d 236, 240 (Tex.Cr.App.1978), an aggravated rape case, it was held that it was not error to plead in the conjunctive and charge the jury in the disjunctive.

Therefore, we hold that the use of the word "or" between the words "intentionally" and "knowingly" was permissible in the instant indictment. This being so, the trial court did not err in overruling appellant's motion to dismiss the indictment. All cases which are contrary to this decision are overruled to the extent of such conflict.

The judgment is affirmed.