Joe CASAS, Jr.,

v.

The STATE of Texas, Appellee.

No. 04–81–00020–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 9, 1981.

Douglas Dilley, San Antonio, for appellant.

Bill White, Dist. Atty., Alan E. Battaglia, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

### OPINION

BUTTS, Justice.

Appellant was convicted by a jury for burglary of a building. The court assessed his punishment, which was enhanced by two prior convictions, at imprisonment for life.

In two of his four grounds of error appellant questions the validity of his prior conviction for burglary of a vehicle in 1965. He argues that the conviction for that offense, Cause No. 65260, Bexar County, Texas, is void and, therefore, his conviction as

an habitual offender necessarily must fall. Appellant points to the language in the judgment of that conviction, which is State's exhibit number 7 in the primary case: "... that said defendant is guilty of a felony less than a capital offense, to-wit: BREAKING INTO OR ENTERING VEHICLE, *as charged in the indictment* ...." (Emphasis supplied.)

Appellant directs his collateral attack to the indictment which was the basis of that conviction, asserting it is fundamentally defective because of its disjunctive pleading. Further he argues that the indictment and judgment do not allege an offense against the laws of Texas; therefore, he stands convicted of no offense proscribed by Texas law, and the conviction in Cause No. 65260 is void.

We do not agree with these contentions. At the time of his conviction in 1965 the applicable penal statute was Vernon's Ann. Penal Code art. 1404b, Tex.Laws 1955, Ch. 71, § 1, at 351:[1]

> Any person who breaks into or enters a vehicle with the intent of committing a felony or the crime of theft shall be guilty of a felony and upon conviction thereof shall be confined in the state penitentiary for a term of not more than three (3) years.

Pleading in the disjunctive in the charging instruments in earlier times in Texas generally was held to constitute error because such allegations failed to give the defendant notice of the charges against him due to lack of certainty. When the charging instrument provided that an offense could be committed in more than one method under the statute, the Texas courts have held that it was not permissible to allege the offense in the disjunctive. *See Lewellen v. State*, 54 Tex.Cr.R. 640, 114 S.W. 1179 (1908). A comprehensive analysis of disjunctive pleading in criminal cases is made in *Hunter v. State*, 576 S.W.2d 395 (Tex.Cr. App.1979). At 399 the court states:

> The prohibition of disjunctive pleadings ... has no place in the pleading of crimi-

---

1. The statute now in effect is Tex. Penal Code   Ann. § 30.04 (Vernon 1974).

nal cases in the 20th Century. This is not to say, however, that there may be some instances in which a particular disjunctive pleading would be so vague, uncertain, and indefinite, as to give no notice of the offense charged.

■ The offense charged against appellant herein was burglary of a vehicle, whether by breaking into or entering. We do not say that the indictment, if it did indeed allege these matters in the disjunctive, was a model of pleading. It may well have been subject to a motion to quash for lack of notice and uncertainty. Tex.Code Crim.Pro. arts. 21.21, 21.24. However, that this was an offense which was proscribed by the state law in 1965 is without doubt.

■ Moreover, the indictment in Cause No. 65260 is not before this court, nor is it a part of this record. We find that nothing is presented for review as to the sufficiency of the allegations. *Hernandez v. State*, 484 S.W.2d 754, 755 (Tex.Cr.App.1972). Appellant's first and fourth grounds of error are overruled.

The second ground of error asserts that the trial court erred in permitting the introduction of the "pen packets," over objection, before the jury at the punishment phase. Specifically he attacks the authentication of all the documents contained in the two "pen packets." The record discloses that the punishment hearing was before the trial court. For the purpose of showing the appellant's prior criminal record as provided by Tex.Code Crim.Pro.Ann. art. 37.07, § 3(a) (Vernon Supp. 1980–81), the State offered and the trial court admitted the judgments of appellant's two prior convictions, fingerprint records, and photographs, along with authentications by certain officials.

■ The record discloses that appellant answered, "True", when asked by the trial judge how he pled to the enhancement allegations. However, the trial court proceeded to hear evidence of the prior convictions.

When the "pen packets" were offered into evidence by the State, appellant's counsel said, "No objections." Since there was a plea of "true", and there was no objection, nothing is before us for review. *Marini v. State*, 593 S.W.2d 709, 716 (Tex.Cr.App. 1980); *Lopez v. State*, 507 S.W.2d 776 (Tex. Cr.App.1974). This ground of error is without merit.

■ In his third ground of error appellant addresses an issue which has been decided adversely to his argument by the Court of Criminal Appeals and this Court of Appeals. He states that he was seventeen years of age at the time of his conviction in Cause No. 65260. At that time the juvenile statute, Tex.Rev.Civ.Stat.Ann. art. 2338–1 (Vernon 1965), specifically excluded seventeen year old females from trial as adults. We agree that the portion of that juvenile statute, as it existed in 1965, was violative of the Equal Protection Clause of the United States Constitution. In *Ex parte Matthews*, 488 S.W.2d 434, 438 (Tex.Cr.App. 1973), the Court of Criminal Appeals excised the age discrepancy portion of the statute and established for prosecution purposes a uniform age of seventeen years for persons of either sex. Appellant was amenable to prosecution when he was seventeen years of age, and a conviction obtained at that time could properly be used to enhance punishment. *Aranda v. State*, 625 S.W.2d 8 (Tex.App.—San Antonio, 1981). This ground of error is overruled.

■ Appellant has submitted a pro se brief which this court has examined carefully. Among his contentions is one which urges that the indictment in the primary case is fatally defective because it fails to allege a culpable mental state.[2] The very same argument was addressed in *Martinez v. State*, 565 S.W.2d 70 (Tex.Cr.App.1978) and decided contrary to appellant's position. The remaining grounds raised are likewise without merit.

The judgment is affirmed.

---

2. Omitting the formal portions, the indictment alleges: "... did then and there, with intent to commit theft, enter a building which was not then open to the public, without the effective consent of HIMIE RUBACK, the owner ...."