The STATE of Texas, Appellant,

v.

Lofton W. WINSKEY, Appellee.

No. 04–88–00499–CR.

Court of Appeals of Texas, San Antonio.

May 10, 1989.

———

Robert A. Denson and Kersey & Denson, Kerrville, for appellant.

Elton V. Amburn, Jr., Ingram, for appellee.

Before BUTTS, REEVES and CARR, JJ.

## OPINION

BUTTS, Justice.

This is an appeal by the State. The trial court granted appellee's motion to quash and dismissed the case.[1] Appeal is authorized pursuant to TEX.CODE CRIM.PROC. ANN. art. 44.01(a)(1) (Vernon Supp.1989). We affirm.

The amended information provides, in pertinent part, that the appellee, on or about February 28, 1988, in Kerr County did then and there:

> drive or operate a motor vehicle in a public place, to-wit: a public road or highway, while the said Defendant was then and there intoxicated, to-wit: not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body, *or* having an alcohol concentration of 0.10 or more....

By way of background, the State has shown in the record that its first information was drawn in terms of the conjunctive. However, an earlier pretrial hearing based on a motion to quash resulted in the amendment which alleges the offense in disjunctive terms. It is only from the last order that the State appeals (August 26, 1988).[2]

Appellee in his motion to quash pointed out the disjunctive allegations and requested that the State "be required to make a pretrial election and thereby inform defen-dant upon which definition of intoxication the defendant will be tried."

The Driving While Intoxicated statute provides, in pertinent part:

> A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place ...

TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1989).

Intoxication is defined in article 6701*l*–1(a)(2) as:

> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or
>
> (B) having an alcohol concentration of 0.10 or more.

▬ An information in the disjunctive gave no notice whether the State would rely on loss of normal use of mental or physical faculties by reason of the introduction of a substance, or on proof of alcohol concentration in an incriminating amount. Where a statute provides that an offense may be committed by one of various methods, if the pleader seeks to charge more than one of the methods stated, it is not permissible to charge in the disjunctive. *Briscoe .v. State*, 170 Tex.Crim. 321, 341 S.W.2d 432, 433 (1960); *Lewellen v. State*, 54 Tex.Crim. 640, 114 S.W. 1179 (1908). The *Lewellen* court stated:

> It is a well-settled rule, in regard to this character of pleading, that where the statute makes two or more distinct acts

<hr/>

1. We note the "case" rather than the "information" was dismissed. It is not unusual to file new pleadings in a case when a motion to quash has been granted, unless there is a legal bar. Therefore, dismissing the charging instrument is *proper*.

2. Because we do not have jurisdiction of an appeal from the first order, we do not have before the court in this proceeding the matters which prompted the instant amendment by the state. Therefore we do not pass upon the correctness of this specific ruling by the trial judge at the July 29, 1988 hearing, although urged to do so by the State:

   "Our ruling ... is that where the State elects to show both definitions in the conjunctive using the word *and,* that the Court's not going

to force them to elect; but however, if they do not elect, then the jury will be charged on both, and the State will have to prove both in order to sustain a jury finding.

Because I believe the State's position has been in the past that there are some other cases, in both theft cases and most recently in I believe a resisting arrest case, in which the Courts in those cases have said where the different manner and means are alleged in the conjunctive, that unless there's an agreement by the parties or unless there's an election, that both, the jury should be charged on both, and failure to find both will result in an acquittal of the defendant. And until we can be shown otherwise, that's what we're going to have to go with ..."

connected with the same transaction indictable, and the pleader undertakes to charge more than one of the means found in the statute, these must be pleaded conjunctively, although they may be stated in the alternative or disjunctively in the statute. If not thus pleaded, the indictment will be fatally defective in matter of substance.

*Id.* 114 S.W. at 1179.

We hold the trial court correctly granted the motion to quash the information because of the fatal defect. The judgment is affirmed.