The **STATE of Texas**

v.

**Lofton W. WINSKEY.**

No. 900–89.

Court of Criminal Appeals of Texas, En Banc.

June 6, 1990.

Robert A. Denson, County Atty., Kerrville, Robert Huttash, State's Attorney, and Matthew W. Paul, Asst. State's Atty., Austin, for appellant.

Elton V. Amburn, Jr., Ingram, for appellee.

OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

The trial court granted Winskey's motion to quash the information and dismissed the case. The State appealed under Article 44.01, V.A.C.C.P. The Court of Appeals affirmed. *State v. Winskey,* 770 S.W.2d 942 (Tex.App.—San Antonio 1989). We granted the County Attorney's and the State Prosecuting Attorney's petitions for discretionary review to determine whether

an information which charges driving while intoxicated, alleging both theories of intoxication in the disjunctive, is subject to a motion to quash. We will reverse the Court of Appeals' judgment.

The amended information provided in pertinent part:

[Winskey did then and there] drive or operate a motor vehicle in a public place, to-wit: a public road or highway, while the said Defendant was then and there intoxicated, to-wit: not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body, *or* having an alcohol concentration of 0.10 or more. . . .

[Emphasis added.]

■ In his motion to quash, Winskey requested the trial court to require the State to designate which definition of intoxication it would prove. The trial court quashed the information. On appeal, the State contended that, pleading definitions of intoxication in the disjunctive, was proper.

The Court of Appeals noted that the information did not give Winskey notice regarding whether the State would rely on loss of use of faculties or on .10 concentration to prove intoxication. Citing *Briscoe v. State*, 341 S.W.2d 432 (Tex.Cr.App.1960), and *Lewellen v. State*, 54 Tex.Crim. 640, 114 S.W. 1179 (1908), that court held that the trial court correctly granted the motion to quash because, if a statute provides more than one way to commit an offense, the pleader may not charge the offense in the disjunctive if the pleader seeks to charge more than one method of commission.

In their petitions, the County Attorney and State Prosecuting Attorney contend that disjunctive pleading in this case was appropriate and the Court of Appeals' opinion conflicts with cases such as *Geter v. State*, 779 S.W.2d 403 (Tex.Cr.App.1989), *Garcia v. State*, 747 S.W.2d 379 (Tex.Cr.App.1988), and *Hunter v. State*, 576 S.W.2d 395 (Tex.Cr.App.1979).

■ Generally, a term defined in a statute need not be further alleged in the indictment. *Garcia*, supra at 380, citing *Thomas v. State*, 621 S.W.2d 158, 161 (Tex. Cr.App.1981) (opinion on State's motion for rehearing). If, however, a statute provides more than one way for the defendant to commit the act or omission, then on timely request the State must allege the manner and means it seeks to establish, either separately or in some disjunctive combination. *Garcia*, supra at 380–81, citing *Ferguson v. State*, 622 S.W.2d 846, 851 (Tex.Cr.App. 1981). See also *Geter*, supra at 405.

In *Solis v. State*, 787 S.W.2d 388 (Tex.Cr.App.1990), this Court held:

Because the methods of proving intoxication by alcohol are set out statutorily and do not depend on any conduct committed by a defendant, other than introduction of alcohol into the body—which was already alleged, the State need not specify in the charging instrument whether it will use loss of faculties or alcohol content to prove the offense.

Id., at 391. Thus, the definition of intoxication under Art. 6701l–l(a)(2)(A) or (B) need not be further alleged in the charging instrument.

In the instant case, the State alleged both definitions of intoxication in the disjunctive. Since the State is not required to specify which definition it intends to prove, alleging both possible ways to prove intoxication was proper. See also *Solis, Garcia* and *Geter*, supra.

Moreover, the information was not subject to a motion to quash simply because it contained disjunctive allegations. In *Hunter v. State*, 576 S.W.2d 395 (Tex.Cr.App. 1979), this Court held that disjunctive pleadings were proper and overruled all prior cases to the contrary, including *Lewellen* and *Briscoe*, cited as authority by the Court of Appeals. Thus, the disjunctive allegations did not invalidate the information.

Since the trial court should not have granted the motion to quash, we sustain the County Attorney's and State Prosecuting Attorney's contentions. The judgment of the Court of Appeals is reversed, the

order of the trial court granting the motion to quash is set aside, and the case is remanded to the trial court for further action consistent with this opinion.

CLINTON, J., concurs in the result.

TEAGUE, J., dissents.