In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00072-CR


______________________________




KEITH ADRIAN PITTS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law No. 2


Gregg County, Texas


Trial Court No. 2005-3480




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Without a reporter's record of most of the trial at which Keith Adrian Pitts was convicted (1)
for "Racing on Highway," (2) a class B misdemeanor, we know little about Pitts. Pitts appeals his
conviction, asserting error in the information and the jury charge. Because (1) Pitts failed to preserve
his claims alleging error in the information, and (2) the jury was properly charged, we affirm the trial
court's judgment.

(1) Pitts Failed to Preserve His Claims Alleging Error in the Information

 In his first two points of error, Pitts asserts that the information was fundamentally defective
in (1) not alleging any culpable mental state and (2) charging Pitts in the disjunctive. We do not
reach the substance of either of these points of error, however, as Pitts has not preserved these errors
for appeal.

 The presentment of an indictment or information to a trial court invests the court with
jurisdiction over the cause. Tex. Const. art. V, § 12(b). After jurisdiction vests, a defendant who
fails to object to any defect, error, or irregularity of form or substance, waives and forfeits the right
to object to the defect, error, or irregularity; and the objection may not be raised on appeal or in any
other post-conviction proceeding. Ramirez v. State, 105 S.W.3d 628, 630 (Tex. Crim. App. 2003); 
Studer v. State, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990); see also Ex parte Smith, 178 S.W.3d
797, 803 (Tex. Crim. App. 2005). To preserve error for appeal, a defendant must (1) object, (2) state
the grounds with sufficient specificity, and (3) obtain an adverse ruling. Tex. R. App. P. 33.1; see
Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); Armstrong v. State, 718 S.W.2d 686,
699 (Tex. Crim. App. 1985) (objection must be timely and specific); Marini v. State, 593 S.W.2d
709 (Tex. Crim. App. 1980). Finally, the point of error on appeal must correspond to the objection
made at trial. Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998); Thomas v. State, 723
S.W.2d 696 (Tex. Crim. App. 1986).

 A. Failure to Allege Culpable Mental State in the Information

 Though Pitts filed a pretrial motion to quash the information, it was on the basis of the
disjunctive language, not on the basis of the State's failure to include a culpable mental state. Pitts
has not shown in the record on appeal that he presented the alleged defect to the trial court before
allowing the case to proceed to trial. See Tex. R. App. P. 33.1(a) (preservation of error, how shown). 
Pitts' failure to raise this claim before trial waives the issue for our review. Additionally, we cannot
say the failure to include the required mental state in the information resulted in constitutionally
inadequate notice to Pitts of the specific statute under which he was being prosecuted. See Duron
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997); Cook v. State, 902 S.W.2d 471, 476 (Tex.
Crim. App. 1995). Because error has not been preserved, we overrule Pitts' first point of error.

 B. Charging in the Disjunctive in the Information

 Pitts' second point of error is that the information failed to give sufficient notice of the
charge(s) against him because it charged in the disjunctive. The initial information alleged that Pitts
either participated in a race or participated in a drag race. It read that Pitts:

 A) Participated in a race, to wit: the use of one or more vehicles in an attempt to: 

 1) Outgain or Outdistance another vehicle from passing, OR 2) Arrive at a given 

 destination ahead of another vehicle.

 OR B) Participated in a Drag Race, to wit: The operation: 1) Two or more
vehicles from a point side by side at accelerating speeds in a competitive attempt to
outdistance each other, OR 2) One or more vehicles over a common selected course,
from the same place to the same place, for the purpose of comparing the relative
speeds of power acceleration of the vehicle or vehicles in a specified distance or time.

Pitts filed a motion to quash, broadly claiming the State had charged Pitts in the disjunctive seven
times. Pitts further claimed two particular errors: (1) error in the drag race charge and (2) error in
use of the phrase "one or more vehicles" including in that part of the charge stating "participated in
a race, to wit: the use of one or more vehicles in an attempt to: 1) Outgain or Outdistance another
vehicle from passing." 

 The State filed an amended information eliminating the drag racing charge. The amended
information charged that Pitts did:

 Participate in a race, to wit: to use one or more vehicles in an attempt to outgain or
outdistance another vehicle from passing or arrive at a given destination ahead of
another vehicle.


The record does not indicate any objection by Pitts to the amended information.

 On appeal, Pitts asserts error in the word "or" being used three times in the information, in
two disjunctive theories of the case. Pitts claims the State erred in charging Pitts with "using one
or more vehicles in an attempt to outgain or outdistance another vehicle or arrive at a given
destination ahead of another vehicle." Pitts' argument focuses on impermissible disjunctive methods
of committing an offense. We read this as Pitts abandoning the claimed error in the phrase "one or
more vehicles" and adopting as the claimed error the State's use of two different statutory definitions
of "race"--that is, an attempt to outgain/outdistance another or an attempt to arrive ahead of another. 
See Tex. Transp. Code Ann. § 545.420(b)(2). Error is not preserved for review if it varies from
the objection below. Ibarra v. State, 11 S.W.3d 189, 196 (Tex. Crim. App. 1999); Harris v. State,
827 S.W.2d 949, 957 (Tex. Crim. App. 1992); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim.
App. 1990). Pitts' only remaining specific objection applicable to the amended information was the
phrase "one or more vehicles," an objection Pitts has now abandoned. Pitts' argument raised on
appeal does not comport with the specific error presented to the trial court.

 Further, we find that Pitts' broad pretrial objection that the information "charges in the
disjunctive seven times" is not sufficiently specific to allow us to consider the current objection to
have been included within it. Once the State amended the information, removing six of the nine uses
of the word "or," Pitts failed to bring to the trial court's attention that any remaining "or" was among
those objectionable seven he mentioned in his motion to quash. Not every use of the word "or" in
an indictment or information is error. See generally Hunter v. State, 576 S.W.2d 395 (Tex. Crim.
App. 1979). Without having presented the trial court a specific objection to a particular "or" in this 
disjunctive charge, the contention may not be raised on appeal. See Wilson, 71 S.W.3d at 349. 

 For these reasons, we overrule Pitts' challenges to the information.

(2) The Jury Was Properly Charged

 Pitts' final point of error is that the trial court charged the jury in the disjunctive by listing two
definitions of "race" without requiring the jurors to convict Pitts unanimously on one of the
definitions. The jury was instructed that a "race" was "the use of one or more vehicles in an attempt
to outgain or outdistance another vehicle or arrive at a given destination ahead of another vehicle." 
The jury was charged that, if it found beyond a reasonable doubt that Pitts did "participate in a race,
to-wit: to use one or more motor vehicles in an attempt to outgain or outdistance another vehicle or
arrive at a given destination ahead of another vehicle," the jury should find him guilty "as alleged
in the information." The jury returned a general verdict of "guilty of racing on highway as charged
in the information." 

 Pitts is correct that a jury must be instructed that it must unanimously agree on a defendant's
commission of a particular offense. See Ngo v. State, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). 
If separate charged acts constitute separate offenses, the jury must be instructed that it must be
unanimous in finding that a defendant committed a particular act and offense. See id. at 749. If,
however, the alternatively charged acts constitute, not separate offenses, but merely different means
of committing the same offense, unanimity is not necessarily required. See Jefferson v. State, 189
S.W.3d 305, 312 (Tex. Crim. App. 2006). In such a case, unanimity may be dispensed with when
the separately and disjunctively charged acts are "basically morally and conceptually equivalent"
such that due process is not violated. Id. at 313.

 Our analysis here must start with determining whether the disjunctively charged definitions
of "race" reference separate offenses or merely different means of committing one single offense. 
Following Jefferson, we look first to the legislative intent, as indicated by the plain statutory
language.  See  id.  at  312.  The  statute  states  that  a  person  "may  not  participate  in  any
manner in . . . a race." Tex. Transp. Code Ann. § 545.420(a)(1) (emphasis added). The plain
language of the statute, therefore, indicates the Legislature's intent to establish racing by participation
in a race as a single offense, regardless of the manner or means by which it was committed. The
subsequent statutory definitions of "race" speak, therefore, to the manner of racing, not to the
establishment of separate offenses. See Tex. Transp. Code Ann. § 545.420(b)(2); Jefferson, 189
S.W.3d at 312. As the different methods of racing charged to the jury were merely means of
committing an element of the crime, jury unanimity was not required. See Jefferson, 189 S.W.3d
at 312. 

 Nor is due process denied in dispensing with unanimity on the means of racing. Racing by
speeding, under the first, (b)(2)(A), definition, and racing by, say, taking a short cut, under the
second, (b)(2)(B), definition are "basically morally and conceptually equivalent." See id. at 313;
Schad v. Arizona, 501 U.S. 624, 643 (1991). Compare Tex. Transp. Code Ann.
§ 545.420(b)(2)(A), (B). Thus, using the two definitions disjunctively in the jury charge is not error.

 Even if the jury charge had contained the asserted error, Pitts demonstrates no harm. See
Francis v. State, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000); Almanza v. State, 686 S.W.2d 157
(Tex. Crim. App. 1984). When charge error has been objected to, as here, reversal is required on
a showing of "some harm." Almanza, 686 S.W.2d at 171 (op. on reh'g); see also Tex. R. App. P.
44.2(a). This harm "must be assayed in light of the entire jury charge, the state of the evidence,
including the contested issues and weight of probative evidence, the argument of counsel and any
other relevant information revealed by the record of the trial as a whole." Almanza, 686 S.W.2d at
171. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. 
Id. at 174; Roberts v. State, 849 S.W.2d 407, 410 (Tex. App.--Fort Worth 1993, pet. ref'd).

 The burden lies with the defendant to "persuade the reviewing court that he suffered some
actual harm as a consequence of the charging error. If he is unable to do so, the error will not result
in a reversal of his conviction." Abdnor v. State, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994)
(citing LaPoint v. State, 750 S.W.2d 180, 191 (Tex. Crim. App. 1986) (op. on reh'g)); see also
Dickey v. State, 22 S.W.3d 490, 492 (Tex. Crim. App. 1999). We may not find harm merely from
the charge itself. 

 [T]he Court of Appeals was required to examine the relevant portions of the entire
record to determine whether appellant suffered any actual harm as a result of the
error. The State argues that the Court of Appeals, in analyzing the instant case for
the presence or absence of harm, incorrectly limited its review of the record to the
jury charge. We agree. By focusing exclusively upon the charge, the Court of
Appeals failed to consider the harmfulness of the charging error in the context of the
entire record.


Arline v. State, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

 Pitts has presented only a partial reporter's record on appeal, comprising only that part of
the charge conference indicating Pitts' objection to the disjunctive charge. See Tex. R. App. P.
34.6(c). We must therefore presume that the partial reporter's record constitutes all of the evidence
relevant to Pitts' point of error, including any harm analysis. See Tex. R. App. P. 34.6(c)(4). This
record consists only of the charge itself and the fact of Pitts' conviction. The partial record on appeal
does not include voir dire or trial transcripts. We find no evidence of harm in this limited record. 
For these reasons, we overrule Pitts' challenge to the jury charge.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 1, 2006

Date Decided: November 9, 2006


Do Not Publish
1. Pitts elected to have the trial court assess his punishment, which the court set at 180 days
in county jail, suspended for one year, and a $1,000.00 fine.
2. See Tex. Transp. Code Ann. § 545.420 (Vernon Supp. 2006).