In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00200-CR


______________________________




JAMES LADELE HARRIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 34195B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 James Ladele Harris has appealed from his conviction by the trial court, on his open plea of
guilty, to failure to register as a sex offender. See Tex. Code Crim. Proc. Ann. art. 62.102 (Vernon
2006). Harris was sentenced by the court to four years' imprisonment.

 On appeal to this Court, Harris contends, in a single point of error, that the punishment
assessed is disproportionate to his crime. Harris' motion for new trial contains a contention that the
sentence was disproportionate to the offense. A motion for new trial is an appropriate way to
preserve this type of claim for review. See Williamson v. State, 175 S.W.3d 522, 523-24 (Tex.
App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005,
no pet.).

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Harris'
sentence falls within the applicable range of two to ten years. See Tex. Penal Code Ann. § 12.34
(Vernon 2003).

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem v. Helm, 463 U.S. 277, 290 (1983); Harmelin v. Michigan, 501 U.S. 957
(1991) (Scalia, J., plurality op.); Dunn v. State, 997 S.W.2d 885, 892 (Tex. App.--Waco 1999, pet.
ref'd); Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.--Texarkana 1999, no pet.); Lackey v. State,
881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see also Ex parte Chavez, 213
S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as involving a "very limited,
'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Dunn, 997 S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has
been reformulated as an initial threshold comparison of the gravity of the offense with the severity
of the sentence, and then, only if that initial comparison created an inference that the sentence was
grossly disproportionate to the offense should there be a consideration of the other two Solem
factors--(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions. McGruder, 954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470
(Tex. App.--Texarkana 2006, no pet.); Dunn, 997 S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. 

 Assuming, without deciding, that Harris' sentence is grossly disproportionate to the crime he
committed, there is no evidence in the record from which we could compare his sentence to the
sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a
similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Harris' claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison").

 There being no other issues before us, we affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: June 7, 2007

Date Decided: June 14, 2007


Do Not Publish






. We read this as Pitts abandoning the claimed error in the phrase "one or
more vehicles" and adopting as the claimed error the State's use of two different statutory definitions
of "race"--that is, an attempt to outgain/outdistance another or an attempt to arrive ahead of another. 
See Tex. Transp. Code Ann. § 545.420(b)(2). Error is not preserved for review if it varies from
the objection below. Ibarra v. State, 11 S.W.3d 189, 196 (Tex. Crim. App. 1999); Harris v. State,
827 S.W.2d 949, 957 (Tex. Crim. App. 1992); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim.
App. 1990). Pitts' only remaining specific objection applicable to the amended information was the
phrase "one or more vehicles," an objection Pitts has now abandoned. Pitts' argument raised on
appeal does not comport with the specific error presented to the trial court.

 Further, we find that Pitts' broad pretrial objection that the information "charges in the
disjunctive seven times" is not sufficiently specific to allow us to consider the current objection to
have been included within it. Once the State amended the information, removing six of the nine uses
of the word "or," Pitts failed to bring to the trial court's attention that any remaining "or" was among
those objectionable seven he mentioned in his motion to quash. Not every use of the word "or" in
an indictment or information is error. See generally Hunter v. State, 576 S.W.2d 395 (Tex. Crim.
App. 1979). Without having presented the trial court a specific objection to a particular "or" in this 
disjunctive charge, the contention may not be raised on appeal. See Wilson, 71 S.W.3d at 349. 

 For these reasons, we overrule Pitts' challenges to the information.

(2) The Jury Was Properly Charged

 Pitts' final point of error is that the trial court charged the jury in the disjunctive by listing two
definitions of "race" without requiring the jurors to convict Pitts unanimously on one of the
definitions. The jury was instructed that a "race" was "the use of one or more vehicles in an attempt
to outgain or outdistance another vehicle or arrive at a given destination ahead of another vehicle." 
The jury was charged that, if it found beyond a reasonable doubt that Pitts did "participate in a race,
to-wit: to use one or more motor vehicles in an attempt to outgain or outdistance another vehicle or
arrive at a given destination ahead of another vehicle," the jury should find him guilty "as alleged
in the information." The jury returned a general verdict of "guilty of racing on highway as charged
in the information." 

 Pitts is correct that a jury must be instructed that it must unanimously agree on a defendant's
commission of a particular offense. See Ngo v. State, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). 
If separate charged acts constitute separate offenses, the jury must be instructed that it must be
unanimous in finding that a defendant committed a particular act and offense. See id. at 749. If,
however, the alternatively charged acts constitute, not separate offenses, but merely different means
of committing the same offense, unanimity is not necessarily required. See Jefferson v. State, 189
S.W.3d 305, 312 (Tex. Crim. App. 2006). In such a case, unanimity may be dispensed with when
the separately and disjunctively charged acts are "basically morally and conceptually equivalent"
such that due process is not violated. Id. at 313.

 Our analysis here must start with determining whether the disjunctively charged definitions
of "race" reference separate offenses or merely different means of committing one single offense. 
Following Jefferson, we look first to the legislative intent, as indicated by the plain statutory
language.  See  id.  at  312.  The  statute  states  that  a  person  "may  not  participate  in  any
manner in . . . a race." Tex. Transp. Code Ann. § 545.420(a)(1) (emphasis added). The plain
language of the statute, therefore, indicates the Legislature's intent to establish racing by participation
in a race as a single offense, regardless of the manner or means by which it was committed. The
subsequent statutory definitions of "race" speak, therefore, to the manner of racing, not to the
establishment of separate offenses. See Tex. Transp. Code Ann. § 545.420(b)(2); Jefferson, 189
S.W.3d at 312. As the different methods of racing charged to the jury were merely means of
committing an element of the crime, jury unanimity was not required. See Jefferson, 189 S.W.3d
at 312. 

 Nor is due process denied in dispensing with unanimity on the means of racing. Racing by
speeding, under the first, (b)(2)(A), definition, and racing by, say, taking a short cut, under the
second, (b)(2)(B), definition are "basically morally and conceptually equivalent." See id. at 313;
Schad v. Arizona, 501 U.S. 624, 643 (1991). Compare Tex. Transp. Code Ann.
§ 545.420(b)(2)(A), (B). Thus, using the two definitions disjunctively in the jury charge is not error.

 Even if the jury charge had contained the asserted error, Pitts demonstrates no harm. See
Francis v. State, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000); Almanza v. State, 686 S.W.2d 157
(Tex. Crim. App. 1984). When charge error has been objected to, as here, reversal is required on
a showing of "some harm." Almanza, 686 S.W.2d at 171 (op. on reh'g); see also Tex. R. App. P.
44.2(a). This harm "must be assayed in light of the entire jury charge, the state of the evidence,
including the contested issues and weight of probative evidence, the argument of counsel and any
other relevant information revealed by the record of the trial as a whole." Almanza, 686 S.W.2d at
171. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. 
Id. at 174; Roberts v. State, 849 S.W.2d 407, 410 (Tex. App.--Fort Worth 1993, pet. ref'd).

 The burden lies with the defendant to "persuade the reviewing court that he suffered some
actual harm as a consequence of the charging error. If he is unable to do so, the error will not result
in a reversal of his conviction." Abdnor v. State, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994)
(citing LaPoint v. State, 750 S.W.2d 180, 191 (Tex. Crim. App. 1986) (op. on reh'g)); see also
Dickey v. State, 22 S.W.3d 490, 492 (Tex. Crim. App. 1999). We may not find harm merely from
the charge itself. 

 [T]he Court of Appeals was required to examine the relevant portions of the entire
record to determine whether appellant suffered any actual harm as a result of the
error. The State argues that the Court of Appeals, in analyzing the instant case for
the presence or absence of harm, incorrectly limited its review of the record to the
jury charge. We agree. By focusing exclusively upon the charge, the Court of
Appeals failed to consider the harmfulness of the charging error in the context of the
entire record.


Arline v. State, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

 Pitts has presented only a partial reporter's record on appeal, comprising only that part of
the charge conference indicating Pitts' objection to the disjunctive charge. See Tex. R. App. P.
34.6(c). We must therefore presume that the partial reporter's record constitutes all of the evidence
relevant to Pitts' point of error, including any harm analysis. See Tex. R. App. P. 34.6(c)(4). This
record consists only of the charge itself and the fact of Pitts' conviction. The partial record on appeal
does not include voir dire or trial transcripts. We find no evidence of harm in this limited record. 
For these reasons, we overrule Pitts' challenge to the jury charge.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 1, 2006

Date Decided: November 9, 2006


Do Not Publish
1. Pitts elected to have the trial court assess his punishment, which the court set at 180 days
in county jail, suspended for one year, and a $1,000.00 fine.
2. See Tex. Transp. Code Ann. § 545.420 (Vernon Supp. 2006).