**Johnny AGNEW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00051–CR.**

Court of Appeals of Texas,
El Paso.

May 5, 1982.

Jerry Paquin, Seminole, for appellant.

Joe K. McGill, County Atty., Seminole, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This is an appeal from a conviction for resisting an arrest. The Appellant was sentenced to thirty days in jail and $150.00 fine. We reverse and order the case dismissed.

The Appellant was arrested by a police officer who answered a call concerning a family disturbance at the Appellant's home in Seminole. After a brief scuffle, the Appellant was taken outside the house by the police officer who placed handcuffs on him and took him to the police station where he was charged with disorderly conduct and resisting arrest. Section 38.03 of the Texas Penal Code makes it an offense for a person to intentionally prevent or obstruct a peace officer from "effecting an arrest *or* search of the actor or another by using force against the peace officer or another."

Although this section of the Code makes it an offense to prevent or obstruct either an arrest *or* search, both the complaint and the information in this case charge the Appellant with obstructing the police officer "from effecting the arrest *and* search of the said Johnny Agnew." In the charge to the jury, the court instructed that the offense occurred if one intentionally prevents or obstructs a police officer "from effecting an arrest *and* search of the Defendant by using force against the peace officer or another." Thus, the State elected to charge and try the defendant under the more onerous burden of showing both an obstruction of an arrest and a search although an obstruction of either would have constituted an offense under the Code.

While the evidence may be sufficient to establish the offense of obstructing an arrest, it is not sufficient to establish an obstruction of a search. The police officer testified that no effort was made to search the Appellant at the time of the arrest at his home and that he had no intent to search him until they arrived at the police station, and the testimony establishes that the Appellant was searched at the jail without any difficulty or obstruction.

The evidence being insufficient to sustain the conviction, the Appellant's first ground of error is sustained. The case must be reversed and the double jeopardy clause precludes a second trial. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

The judgment of the trial court is reversed and a judgment of acquittal shall be entered.