**Naphtlit Joel HERRERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–00867–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 20, 2000.

---

**1.** *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim.App.1997).

David S. Barron, Bryan, for appellant.

James Kuboviak, Brazos County Attorney's Office, Bryan, for State.

Panel consists of Justices COHEN, TAFT, and SMITH.*

## OPINION

JACKSON B. SMITH, Jr., Justice (Retired).

A jury found appellant, Naphtlit Joel Herrerra, guilty of driving while intoxicated, second offense. The trial court assessed punishment at 180 days in jail, probated for two years and a fine of $2,000, with $500 probated.

Appellant contends the trial court erred in overruling his objections to (1) the prosecutor's closing argument, which misstated

---

* The Honorable Jackson B. Smith, Jr., retired justice, Court of Appeals, First District of Tex-

the law regarding the proof required, as set forth in the jury charge and (2) the State's introduction of irrelevant prejudicial evidence. We affirm.

## Court's Charge and Closing Argument

■ In his first point of error, appellant contends the trial court erred in overruling his objection to the State's closing argument because the argument was contrary to the charge of the court.

Appellant was charged by information with the offense of driving while intoxicated, second offense. The information charged appellant with the offense in the disjunctive, that is "by not having the normal use of mental *or* physical faculties by reason of the introduction of alcohol into the body." (Emphasis added). The application paragraph of the court's charge required that appellant be found to be intoxicated "by not having the normal use of his mental *and* physical faculties by reason of the introduction of alcohol into his body." (Emphasis added). During the reading of the information to the jury, the State included the word "or" between the words mental and physical when referring to appellant's loss of faculties, rather than "and" as stated in the court's charge. In final argument, the State argued that the jury could find appellant lost either his mental *or* physical faculties. Appellant objected that the charge required a finding of mental *and* physical faculties; but, the trial court overruled the objection.

■ It is proper for an indictment to allege different ways of committing a single offense in the conjunctive, but to have the court's charge to the jury state the different ways of commission in the disjunctive. *Francis v. State*, No. 1132–98, slip op. at 2, 1999 WL 993669 (Tex.Crim. App. Nov. 3, 1999); *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Crim.App.1991). The prosecutors argument would have

as at Houston, participating by assignment

been proper if our facts were the same as those in *Francis* and *Kitchens*. However, in this case, the indictment was in the disjunctive and the court's charge in the conjunctive. The State apparently was not aware that the charge was in the conjunctive until appellant objected to its use of the disjunctive in the State's closing argument.

■ Appellant's objection was proper, and the court erroneously overruled his objection. The State concedes that its closing argument was contrary to the charge of the court and, therefore, error. However, the State contends the misstatement of the law was not constitutional error, and any harm should be analyzed under Texas Rule of Appellate Procedure 44.2(b). Appellant contends the proper harm analysis is one conducted according to Texas Rule of Appellate Procedure 44.2(a) because the error was of constitutional dimension, but alternatively argues that the error affected the substantial rights of appellant such as to constitute harm under a Rule 44.2(b) analysis.

■ At least two appellate courts have analyzed prosecutorial misstatements of law under Rule 44.2(b). *Lee v. State,* 971 S.W.2d 130 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd); *Coggeshall v. State,* 961 S.W.2d 639, 643 (Tex.App.—Fort Worth 1998, pet. ref'd) (stating "case law reveals that [federal] appellate courts have consistently held that improper prosecutorial comments and misstatements are not constitutional in nature, but can affect a defendant's substantial rights"). We agree with these holdings and conclude that the State's misstatement of the jury charge in this case was not constitutional in nature. Accordingly, we disregard the error unless the appellant's substantial rights are affected. TEX.R.APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997).

■ To determine if the prosecutor's misstatement of the law in his closing argument to the jury had a substantial and injurious effect or influence in determining the jury's verdict, we look at all the evidence and the court's charge, as well as the prosecutor's misstatement. The State's proof that appellant was driving while intoxicated was the testimony of one witness, Officer Fabyanic, who testified that appellant had a strong smell of alcohol about his person when appellant was in his stopped vehicle and when appellant exited his vehicle. The officer stated that appellant failed both field sobriety tests. Officer Fabyanic also said that appellant's eyes were rather glassy and bloodshot; his speech was "slurred and mush mouthed" and he was unstable on his feet. In the officer's opinion, appellant had neither normal mental or physical faculties.

The Court's charge defined "intoxication." The material part of that definition applicable to this case states as follows:

Intoxication means not having the normal use of physical *or* mental faculties by reason of the introduction of alcohol. (Emphasis supplied).

The material part of the application paragraph in the court's charge states in relevant part as follows:

The said defendant was intoxicated by not having the normal use of his mental *and* physical faculties by reason of the introduction of alcohol. (Emphasis supplied).

Part of the closing paragraph of the charge to the jury states as follows:

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony, *but the law you shall receive in these instructions and you must be governed thereby.* (Emphasis supplied).

■ It is essential under our system of law that a jury follow a court's instructions. Otherwise, our system fails. Thus, absent evidence to the contrary, a jury is

presumed to follow the instructions set forth in the court's charge. *Hutch v. State,* 922 S.W.2d 166, 172 (Tex.Crim.App. 1996). However, such presumption can be rebutted. *Rose v. State,* 752 S.W.2d 529, 554 (Tex.Crim.App.1987); *Cobarrubio v. State,* 675 S.W.2d 749, 752 (Tex.Crim.App. 1983).

Applying these rules to the State's closing argument to the jury, we see that the State's use of the term *"or"* rather than the term *"and"* in describing the State's burden of proof on mental and physical faculties was correct in one respect and incorrect in another. The State's argument was correct when applied to the definition of intoxication but incorrect when applied to the application paragraph in the court's charge.

Although the prosecutor's application paragraph argument was incorrect, it did not necessarily have a substantial and injurious effect in determining the jury's verdict. In fact, the jury had before it evidence the State introduced which showed beyond a reasonable doubt that appellant was intoxicated as defined in the charge. There was also evidence that appellant, because of the ingestion of alcohol, had lost the use of both his normal physical and mental faculties. This latter evidence met squarely with the proof required of the State in the application paragraph of the charge.

We conclude that the jury did follow the court's instructions and that the presumption that the jury will follow the instructions in the trial court's charge is true in this case. Thus, we conclude that the State's misstatement of the law in its closing argument to the jury did not have a substantial and injurious effect or influence in determining its verdict of guilt. Appellant's point of error one is overruled.

### Officer Fabyanic's Testimony

■ In his second point of error, appellant contends the trial court erred by allowing Officer Fabyanic to testify that he remembered appellant's arrest because he moved from his residence to avoid an "encounter" with appellant. He contends Fabyanic's testimony was not relevant and its probative value was substantially outweighed by the danger of unfair prejudice.[1] We disagree.

At trial, appellant vigorously contested Officer Fabyanic's ability to recall the events surrounding appellant's arrest, which had occurred four years before trial. During redirect examination, the State responded by asking questions related to Officer Fabyanic's memory and why he could recall the arrest so clearly four years later. Officer Fabyanic explained that appellant's half-brother was his next door neighbor, and appellant's sister was his landlady. To avoid "something happening to [his] residence or a chance encounter," Officer Fabyanic moved his residence. Officer Fabyanic testified, "I don't mean to imply that Mr. Herrerra would do anything, but I thought it was prudent on my part and safest to remove myself from any *potential* situation...." (Emphasis added). Appellant objected on the basis that the State was interjecting extraneous offense matters, that the testimony was hearsay and irrelevant, and that the prejudicial nature outweighed the probative value. The trial court overruled appellant's objection, stating that appellant had made Officer Fabyanic's memory an issue in the case.

■ Appellant asserts the trial court did not conduct a proper rule 403 balancing test. TEX.R. EVID. 403. However, it was not necessary for the trial court to conduct a formal hearing or even announce on the record that it had mentally conducted the rule 403 balancing test. *Howland v. State,* 966 S.W.2d 98, 103 (Tex.App.—Houston

---

1. In his brief, appellant concedes Officer Fabyanic's testimony regarding moving from his residence was probably relevant to demon- strate why he remembered the events surrounding appellant's arrest.

[1st Dist.] 1998, *aff'd* 990 S.W.2d 274 (Tex. Crim.App.1999). By overruling appellant's objection, we may presume from the record before us that the trial court mentally conducted the balancing test and found the evidence more probative than prejudicial. *Id.*

Factors to be considered in determining whether the testimony's probativeness was outweighed by the potential for unfair prejudice include (1) the testimony's inherent probative value, (2) its potential to impress the jury in some irrational but indelible way, (3) the amount of trial time the proponent needs to develop such testimony, and (4) the proponent's need for the testimony. *Montgomery v. State,* 810 S.W.2d 372, 389–90 (Tex.Crim.App.1990). There is a presumption that relevant evidence is more probative than prejudicial. *Santellan v. State,* 939 S.W.2d 155, 169 (Tex.Crim.App.1997).

Although Officer Fabyanic's testimony may have been prejudicial to appellant, in that it implied some "encounter" could erupt between himself and appellant, it was essential to the State's case to establish the officer's credibility. We hold the trial court did not err in concluding that the probative value of this evidence outweighed any prejudicial effect it may have had.

Point of error two is overruled.

We affirm the judgment of the trial court.

**MURRY B. COHEN, Justice,** concurring.

I agree this case should be affirmed, but because I do not agree wholly with the rationale of either Justice Smith or Justice Taft, I respectfully concur.

I agree with Justice Smith that a jury is presumed to follow the instructions in the court's charge and also agree that such presumption can be rebutted. I would not apply that presumption in this case, however. Here, the prosecutor repeatedly and specifically argued against the charge, and instead of defending the charge by sustaining appellant's objection, the judge overruled appellant's objection and allowed the prosecutor to continue. I assume the judge did so because, as we all agree, the prosecutor's argument was a correct statement of Texas law and of the allegations in the information, while the application paragraph of the jury charge was an incorrect statement of the law.[1]

I also agree with Justice Smith that allowing the prosecutor to argue against the charge was error. Justice Taft believes this was not error. Thus, the question is squarely presented: Is it error for a prosecutor to argue against the court's charge and tell the jury the law is different than in the court's charge, even if the prosecutor is right and the charge is wrong? In my opinion, such conduct by a prosecutor, or any other attorney, is error.

There must be order in our courts, and judges must impose it. Judges impose order by giving jurors written instructions. If the instructions are incorrect, the prosecutor should object and request their correction. The prosecutor here did not do that. If he had and the judge had erroneously refused the correction, then the prosecutor, like the jury, should have followed that charge, not subverted it. Otherwise, order would be lost; the prosecutor will have replaced the judge as the master of the courtroom.

At this point, I begin to agree with Justice Taft. All our cases that reverse because the prosecutor told the jury to disregard the charge are ones where the charge stated the law correctly, the prosecutor stated the law incorrectly, and therefore, by arguing against the charge, the prosecutor was urging the jury to disregard the law. Obviously, that is the opposite of this case.

---

1. I agree with Justice Taft that the way to cure this error was to amend the charge, rather than to allow the prosecutor to argue against the charge.

Here, the charge was wrong, the prosecutor was right, and by arguing against the charge, the prosecutor was urging the jury to follow the law as found in our statute and as alleged in the information. That could not have harmed appellant because he had no right to be tried under law more favorable than the legislature has enacted.

If the jury followed the law as described by the prosecutor, appellant got the protection the law allows. If the jury followed the law as described in the charge, appellant got more protection than the law allows. In no case did appellant get less protection than the law allows.

Nor is there an issue of surprise. Because both the DWI statute and this particular information allowed conviction if appellant had lost either of his faculties, appellant could not have been surprised by the erroneous charge, except pleasantly upon receiving an undeserved and unexpected windfall that incorrectly raised the State's burden of proof. That is not harmful error; *it is beneficial error.*

The case of *Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App.1997), is important to my decision. Under *Malik,* we no longer measure the sufficiency of the evidence against a charge like this one, i.e., one that incorrectly raises the State's burden of proof. Rather, we measure it against a hypothetically correct charge. *Id.* at 240. Under pre-*Malik* law, if the State had proved that appellant had lost only one faculty, then we would have reversed and acquitted because we would have judged sufficiency of the evidence against the charge actually given, even though it had incorrectly raised the State's burden of proof by requiring proof of the loss of both faculties. However, after *Malik,* if the State had proved that appellant had lost only one faculty and the jury nevertheless

convicted him under this charge that erroneously required loss of both faculties, we would not reverse. We would affirm because the evidence would have been sufficient measured against a "hypothetically correct" charge, even though insufficient when measured against the incorrect charge actually given. In other words, in judging sufficiency of the evidence, we would disregard an erroneous jury charge like this one. Because that is the way we now judge sufficiency of the evidence, I am confident that this error did not harm appellant.[2]

TIM TAFT, Justice, concurring.

While I concur with the disposition of appellant's first point of error, I write further to question whether the prosecutor's argument, that the jury could find appellant guilty if he had lost the normal use of either his mental or physical faculties, was improper and whether the trial court erred in overruling appellant's objection to the argument. Admittedly, the general rule is that argument should not contradict the trial court's charge. *See, e.g., Grant v. State,* 738 S.W.2d 309, 311 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd) (citing *Burke v. State,* 652 S.W.2d 788, 790 (Tex.Crim.App.1983)). I submit the general rule presumes that the trial court's charge is correct. Indeed, in *Burke,* the Court of Criminal Appeals stated, "The prosecutor's remark that the appellant had to take a physical beating before he could resort to the right of self-defense *was clearly a misstatement of the law and* contrary to the court's charge on self-defense." *Burke,* 652 S.W.2d at 790 (emphasis added). Thus, an exception to the general rule must exist when the argument is a correct statement of the law and

---

**2.** I disagree with any suggestion in Justice Smith's opinion that this error was harmless because of the strength of the State's case. In my opinion, the State's case was weak. It consisted of one police witness, no civilian witnesses, no breath, blood, or urine tests, no

accident, and no videotape. It relied completely on one officer's recollection and opinion, four years after the arrest, of appellant's symptoms. This evidence, although legally sufficient, is far from the overwhelming evidence that might render an error harmless.

the court's charge is incorrect. I submit that is the situation here.

A bit of history is helpful to understand the error in this case. Disjunctive pleadings in criminal cases were not allowed until 1979. *See Hunter v. State*, 576 S.W.2d 395, 396–99 (Tex.Crim.App.1979). The common practice was to plead in the conjunctive and charge the jury in the disjunctive. *See, e.g., Garrett v. State*, 682 S.W.2d 301, 309 (Tex.Crim.App.1984). Even as recently as 1989, the old practice raised its head in a driving while intoxicated case in which the State pleaded mental and physical faculties in the disjunctive. The court of appeals reversed. *See State v. Winskey*, 770 S.W.2d 942, 943 (Tex. App.—San Antonio 1989) *rev'd* 790 S.W.2d 641 (Tex.Crim.App.1990) (the Court of Criminal Appeals holding that mental and physical faculties can be pleaded in the disjunctive).

It appears that in this case the old practice of pleading in the conjunctive and charging the jury in the disjunctive was transposed. The State properly pleaded in the disjunctive ("mental or physical faculties"), but the jury charge conjoined mental and physical faculties. This type of error formerly had the effect of raising the State's burden of proof. *See, e.g., Agnew v. State*, 635 S.W.2d 167, (Tex.App.—El Paso 1982, no pet.) (holding evidence insufficient where jury charge did not change conjunctive to disjunctive under the reasoning that the State elected to shoulder a more onerous burden than necessary). After *Malik v. State*, 953 S.W.2d 234 (Tex. Crim.App.1997), we no longer measure the evidence against an incorrect charge. *Id.* at 240.

Here the statute defines "intoxicated" as "not having the normal use of mental *or* physical faculties by reason of the introduction of alcohol ... into the body." Tex. Penal Code Ann. § 49.01(2) (Vernon 1994) (emphasis added). Therefore, the information correctly pleaded in the disjunctive and the jury charge incorrectly required the jury to find that appellant had lost the normal use of both his mental and physical faculties. Moreover, the prosecutor's argument that the jury could find appellant guilty if it found loss of the normal use of either appellant's mental or physical faculties was an accurate statement of the law. Under these conditions, the error on the part of the trial court was in submitting mental and physical faculties in the conjunctive in the jury charge and in not correcting the error when it became apparent by appellant's objection to the prosecutor's argument varying from the jury charge. Naturally, appellant does not complain of these charge errors which benefitted him.

I would hold that the trial court's action in overruling appellant's objection to the prosecutor's argument that was an accurate statement of the law, even though it contradicted the court's charge, was not error. Of course, the better way to handle the situation that arose in this case is for the trial court to correct the jury charge to conform to the law. Accordingly, I concur with the decision to overrule point of error one.