Opinion issued December 11, 2003





     




In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00512-CR




ANGEL LOPEZ PAITA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court No. 15
Harris County, Texas
Trial Court Cause No. 1088482




O P I N I O N Appellant, Angel Paita, pleaded not guilty to the misdemeanor offense of
resisting arrest. A jury found appellant guilty. Pursuant to an agreement with the
State, the trial court assessed punishment at confinement in the county jail for one
year, probated for two years, and a $350 fine. In his first point of error, appellant
contends that the trial court erred when it allowed the State to impeach appellant’s
testimony with evidence of a prior conviction. In his second point of error, appellant
claims that he received ineffective assistance of counsel. In his third and fourth
points of error, appellant contends that the evidence was legally and factually
insufficient to support his conviction. We affirm. 
Background
          Houston Police Officer Roger Espinoza was responding to a noise disturbance
in the parking lot of an apartment complex when he encountered appellant. Appellant
and another man were leaning against appellant’s car and drinking beer. The trunk
of appellant’s car was open, and loud music was emanating from speakers inside the
trunk. 
          Espinoza approached the two men, told them that a neighbor had contacted
police to complain about the music, and told the men to turn down the music. 
Appellant’s friend apologized to the officer and walked back to his apartment, but
appellant cursed and threatened Espinoza. While attempting to arrest appellant for
assault by threat, Espinoza reached for appellant’s arm to handcuff him, but appellant
jerked his arm away. Espinoza tried again to handcuff appellant, but he pulled away
again, struggled with Espinoza, and hit Espinoza on the chin with his elbow, which
caused both men to fall to the ground. Espinoza eventually handcuffed appellant, but
only after appellant’s son intervened and told appellant to cooperate. 
Impeachment with Prior Conviction
          In his first point of error, appellant argues that the trial court erred by
permitting the State to impeach appellant’s testimony with his prior conviction for
interference with a public servant. Appellant contends that he had not placed his
character for respecting police officers into issue, but the State replies that appellant
“opened the door” for admission of his prior conviction and, alternatively, that any
error was harmless.
          Appellant’s issue in this appeal concerns his nonresponsive testimony during
direct examination by his own attorney. Appellant was asked to state where he was
positioned when he first saw the police car pull into the driveway. Appellant
responded that he was by the rear tire of his car. Appellant then volunteered, “And
Mario was - - he was about this much further away. He was on this side. When I was
in there, I saw a police officer coming into the property, and me, for respect, I turned
the car completely off. If I turn the key off, I have shut the engine off and the music
off, for respect because maybe I think he probably need to talk to us and for me, for
respect, it is better to not have no noise around.” (Emphasis added.) While cross-examining appellant, the prosecutor referred to appellant’s testimony that he acted
“out of respect” for police and asked appellant whether he always respected police
officers. Appellant replied that he did. The State cannot “open the door” for a
defendant and may not bootstrap its way to impeachment. See Hammett v. State, 713
S.W.2d 102, 105 n.4 (Tex. Crim. App. 1986). Under these circumstances, we limit
our review to the statements that appellant made during his direct examination. 
          Outside the presence of the jury, the State requested permission from the trial
court to introduce evidence of appellant’s prior conviction for interference with a
public servant under the theory that appellant’s testimony that he acted out of respect
for police, contradicted and went “completely against” his previous conviction. 
Appellant argued that his testimony did not open the door, although the State’s cross-examination inquiry attempted to do so; that the conviction the State attempted to
introduce was not one of moral turpitude; and that the prior conviction was more
prejudicial than probative. The trial court overruled appellant’s objections and
allowed the State to elicit testimony from appellant that he was previously convicted
of interference with the duties of a public servant.
          We review a trial court’s evidentiary rulings under an abuse-of-discretion
standard and will not disturb the trial court’s ruling unless it falls outside the zone of
reasonable disagreement. See Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App.
2001). Specific acts of misconduct are admissible to impeach a party or witness only
if the crime was a felony or involved a crime of moral turpitude, regardless of
punishment, and the trial court determines that the probative value of the evidence
outweighs its prejudicial effects. See Delk v. State, 855 S.W.2d 700, 704 (Tex. Crim.
App. 1993); Reyna v. State, 99 S.W.3d 344, 349 (Tex. App.—Fort Worth 2003, pet.
ref’d); Tex. R. Evid. 609(a). 
          An exception to the prohibition against impeachment through a prior
conviction arises when the testimony of a witness during direct examination “opens
the door” or leaves a false impression with the jury as to the extent of the witness’s
prior arrests, convictions, charges, or trouble with the police. See Delk, 855 S.W.2d
at 704; Reyna, 99 S.W.3d at 349. The exception is not limited to final convictions,
Reyna, 99 S.W.3d at 349, and also applies when the witness purports to detail his past
convictions, but leaves an impression there are no others. Ochoa v. State, 481 S.W.2d
847, 850 (Tex. Crim. App. 1992). Once the witness’s response triggers the exception,
opposing counsel may introduce what would otherwise have been irrelevant evidence
about the witness’s past criminal history. See Delk, 855 S.W.2d at 704-05; Reyna, 99
S.W.3d at 349. The past criminal history becomes relevant and thus admissible
because the witness has created a false impression about his past conduct, which
“opens the door” for the opponent to expose the false impression. See Delk, 855
S.W.2d at 704. 
          In evaluating whether the responses by a witness for the State opened the door
for the defendant to correct a false impression, the Delk court emphasized the
importance of examining whether the statement was responsive to the question asked
and how broadly one would determine the question asked, given the major
substantive issue in the case. Id. When a witness voluntarily or nonresponsively
testifies concerning extraneous matters, the opposing side may correct a false
impression presented by the answer. See Roberts v. State, 29 S.W.3d 596, 601 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). The intonation and tenor of a statement
can assist in determining its context. See Hammett, 713 S.W.2d at 106. The scope
of the impeachment must not exceed the issue that the defendant opened. See id. at
105-07.
          Appellant’s previous conviction for interference with the duties of a public
servant was neither a felony nor a crime of moral turpitude and was thus not
admissible under rule 609(a). See Tex. R. Evid. 609(a).


 Therefore, we must
determine whether appellant’s conviction for interference with the duties of a public
servant was admissible to correct a false impression with the jury about the issue of
appellant’s respect for police officers. 
          Appellant’s statements concerning his respect for police officers were non-responsive to the question asked, which inquired only about appellant’s location
when Officer Espinoza arrived at the scene. In volunteering the self-serving
information about respect for police, appellant ventured completely outside the
parameters of the narrow question concerning his location. The major substantive
issue in the case concerned whether the appellant complied with the officer’s
commands or whether he resisted arrest. Accordingly, appellant’s respect for police
officers was central to the dispute. 
          Appellant’s thrice repeating his statements about respect for police officers
demonstrated that appellant did not make his statements inadvertently or in passing. 
Rather, his repeated assertions were calculated to convey to the jury that he was
generally respectful of police officers. Although we do not know the intonation of
appellant’s statements about police officers, we can discern, from the context and
appellant’s repetition, that the tenor of appellant’s testimony appears to be a
deliberate attempt to convey the impression that he respects the police and would not
have disobeyed the officer’s commands. See Hammett, 713 S.W.2d at 106. 
Appellant’s self-serving remarks about respect for police placed his attitude toward
public servants into issue and were thus properly subject to impeachment to refute
that false representation with contrary evidence. See Turner v. State, 4 S.W.3d 74,
79 (Tex. App.—Waco 1999, no pet.). After reviewing the record and the overall
tenor of appellant’s testimony, we agree with the State that the trial court could have
found that appellant left a false impression with the jury. See Delk, 855 S.W.2d at
704. Accordingly, the trial court’s ruling that appellant opened the door to the
admission of evidence of his prior conviction for interference with the duties of a
public servant is not outside the zone of reasonable disagreement, and we will not
disturb that ruling. See Burden v. State, 55 S.W.3d at 615. 
          We overrule appellant’s first point of error.Ineffective Assistance of Counsel
          In his second point of error, appellant relies on the allegedly erroneous
admission of his prior conviction into evidence to support his contention that his trial
counsel was ineffective. Appellant contends that his trial counsel did not object
adequately to the prosecutor’s questioning appellant about his prior conviction and
should have objected when the prosecutor referred to appellant’s prior conviction in
final argument to the jury. 
          The standard for evaluating ineffective assistance of counsel claims is set forth
in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). See
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). To be entitled to a
new trial on the ground that his trial counsel was ineffective, appellant must show that
(1) counsel’s performance was so deficient that he was not functioning as acceptable
counsel under the Sixth Amendment, and that (2), but for counsel’s error, the result
of the proceedings would have been different. Strickland, 466 U.S. at 687, 104 S. Ct.
at 2064; Gamble, 916 S.W.2d at 93. In determining whether the Strickland test has
been met, we focus on the totality of the representation afforded, not on individual
alleged errors. See Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). 
          The defendant bears the burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A claim of ineffective assistance
of counsel must be firmly supported in the record. McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996). Finally, the constitutional right to counsel does not
mean errorless counsel or counsel whose competency is judged by hindsight. 
Doherty v. State, 781 S.W.2d 439, 441 (Tex. App.—Houston [1st Dist.] 1989, no
pet.). 
          Appellant contends that his trial counsel should have objected when the
prosecutor cross-examined him concerning whether he had always respected police
officers and, when he replied that he did, his trial counsel should have objected to the
prosecutor’s follow-up question, “Without fail?” Appellant also argues that his trial
counsel should have objected when the prosecutor referred to appellant’s prior
conviction in final argument to the jury. 
          In contending that his trial counsel was ineffective for not objecting to the
prosecutor’s cross-examination, appellant argues that the questions by the prosecutor
improperly placed appellant’s character in issue. We disagree. As addressed above,
in response to his own counsel’s specific, narrow, direct-examination questions
concerning appellant’s location at the scene of the offense, appellant had already
placed his respect for police officers in issue by volunteering additional,
nonresponsive testimony. Any failure to object to the prosecutor’s questions did not,
therefore, result in the introduction of improper character evidence. We overrule
appellant’s claim that his trial counsel was ineffective by not objecting to the
prosecutor’s cross-examination.
          Appellant also claims that his trial counsel provided ineffective assistance
because he did not object when the prosecutor referred to appellant’s prior conviction
during closing argument to the jury. Appellant contends that the prosecutor
improperly relied on the conviction as substantive evidence of appellant’s guilt, in
violation of the trial court’s limiting instruction to the jury that the conviction was to
be considered for impeachment only. 
          Appellant complains of the State’s closing argument during the guilt and
innocence phase of trial:
The officer goes out there on the noise call. Then he wants to tell
you that out of respect for police officers, hey, as soon as I saw him
enter that parking lot, I turned off my music. In fact, I turned the keys
and turned off the whole entire car, out of respect for police officers. 
However, you heard him answer the question that I asked him. 
Remember going back in that room for a while and we talked about
some things out here and then you came back out? Well, guess what. 
I have been convicted one prior time of interference with a public
servant, but I have so much respect for public servants and police
officers, I always do what they say. Are you really going to buy that?
 
The State’s closing argument concerned the credibility of appellant’s testimony in
light of his previous conviction, and, as such, was proper as a reasonable deduction
from the evidence. Even if the prosecutor’s argument exceeded the permissible scope
of impeachment, the trial court’s oral and written instructions to the jury, which
appear below, cured any error that might have arisen from the prosecutor’s reference
to appellant’s prior conviction. Moreover, the record reflects that the trial court
included the written instructions in the jury charge in response to appellant’s trial
counsel’s request. The trial court’s instruction in the charge to the jury on guilt and
innocence reads as follows:
You are instructed that certain evidence was admitted before you
in regard to the defendant’s having been charged and convicted of an
offense other than the one for which he is now on trial. You are
instructed that such evidence cannot be considered by you against the
defendant as any evidence of guilt in this case. Said evidence was
admitted before you for the purpose of aiding you, if it does aid you, in
passing on the credibility of the defendant as a witness for himself in
this case, and to aid you, if it does aid you, in deciding upon the weight
you will give to him as such witness, and you will not consider the same
for any other purpose. 

[Emphasis added.] Similarly, before reading the charge aloud to the jury, the trial
court explained that final arguments by counsel would follow, but that those
arguments would “surmise to you what [counsel] think the evidence in this case
shows[,]” but that “what they say in final argument is not evidence” but what counsel
“think the evidence showed.” Without evidence to the contrary, we must presume
that the jury followed the trial court’s instructions. Hutch v. State, 922 S.W.2d 166,
170 (Tex. Crim. App. 1996); Herrera v. State, 11 S.W.3d 412, 415-16 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). 
          Appellant has thus not shown that the outcome of his trial would have been
different if his trial counsel had objected to the prosecutor’s reference to appellant’s
prior conviction. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. 
          We overrule appellant’s second point of error. 
Legal Sufficiency
          In his third point of error, appellant contends that the evidence was legally
insufficient to support his conviction because the State’s case was not credible. In
evaluating the legal sufficiency of the evidence, we view the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Johnson v. State, 95 S.W.3d 568,
571 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). Although our analysis
considers all evidence presented at trial, we may not re-weigh the evidence and
substitute our judgment for that of the jury. King, 29 S.W.3d at 562.
          The information alleged that appellant unlawfully and intentionally prevented
Officer Espinoza, a person appellant knew to be a peace officer, from effecting an
arrest of appellant by using force against the officer and striking him with his elbow. 
Viewed in the light most favorable to the verdict, the evidence shows that on
November 17, 2001, at about 11:40 p.m., Officer Espinoza was dispatched to
Timberline Apartments to investigate a complaint about loud music. Espinoza
arrived at the apartment complex and traced the sound of the music to a car. Espinoza
drove by the car, turned around, and approached two men who were standing outside
the car. One of the men was appellant. Officer Espinoza told appellant that, because
the hour was approaching midnight and residents of the complex had called police to
complain about loud music, appellant should either turn down the music or go inside. 
Espinoza repeated his request that appellant either go inside or turn his music down
several times. Each time that the officer asked, appellant replied by cursing at
Espinoza. Once, appellant made a threatening remark. Espinoza tried to maintain
distance between himself and appellant. 
          When appellant made a second threatening comment, Officer Espinoza decided
to arrest appellant for assault by threat. Espinoza allowed appellant to approach him,
grabbed his wrist, and attempted to place handcuffs on him, telling him he was under
arrest for assault by threat. Appellant attempted to jerk his wrist free, but Espinoza
maintained his grip on his wrist and followed him. Both men ended up at appellant’s
car. After Espinoza instructed appellant to “Stop” and to “Quit it,” appellant spun to
his left side and hit Officer Espinoza on the chin with his elbow. Both men fell to the
ground. After a struggle, Espinoza handcuffed appellant and took him to his patrol
car. 
          We conclude the evidence was amply sufficient to enable a jury, as the judge
of the credibility of the witnesses and testimony, to find the essential elements of the
crime alleged in the information beyond a reasonable doubt. 
          We overrule appellant’s third point of error. 
Factual Sufficiency
          When reviewing the factual sufficiency of evidence, we examine all the
evidence neutrally and ask whether proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination or so greatly outweighed by
contrary proof as to indicate that a manifest injustice has occurred. Zuliani v. State,
97 S.W.3d 589, 594 (Tex. Crim. App. 2003); King v. State, 29 S.W.3d 556, 563 (Tex.
Crim. App. 2000); Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d). In conducting our analysis, if probative evidence supports the
verdict, we must avoid substituting our judgment for that of the trier-of-fact, even
when we disagree with the determination. King, 29 S.W.3d at 563. The trier-of-fact
is the sole judge of the weight and credibility of witnesses’ testimony. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
          Appellant contends that the State’s case against appellant was not sufficiently
credible to sustain a conviction. Appellant argues that the jury’s finding of guilt was
against the great weight and preponderance of the evidence because the State did not
provide physical evidence to corroborate Officer Espinoza’s testimony and because
both appellant and his son testified that appellant did not resist arrest. The jury chose
to believe Officer Espinoza and to disbelieve appellant and his son. We conclude,
having viewed the evidence neutrally, that the proof of guilt in this case was not so
obviously weak as to undermine confidence in the jury’s determination or so greatly
outweighed by contrary proof as to indicate that a manifest injustice occurred. See
Zuliani, 97 S.W.3d at 594. Because probative evidence supports the jury’s verdict
and because the jury is the sole judge of the weight and credibility, we may not
reweigh the evidence in appellant’s favor. See King, 29 S.W.3d at 563. Accordingly,
we conclude that the evidence is factually sufficient to support the verdict. 
          We overrule appellant’s fourth point of error. 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Raddack, and Justices Keyes and Alcala.

Publish. Tex. R. App. P. 47.2(b).