Affirmed and Memorandum Opinion filed March 17, 2009








Affirmed and Memorandum Opinion filed March 17, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00077-CR

____________

 

HARSHAVARDHAN CHINTALA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Court at Law No. 1

Fort Bend County, Texas

Trial Court Cause No. 129457

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Harshavardhan Chintala of
driving while intoxicated, and the trial court sentenced him to 180 days= confinement,
probated for twelve months.  In his sole issue, appellant contends that the
evidence is insufficient to support his conviction.  We affirm.








I.  Background

Police officers Joseph Carter and John
Burns stopped the vehicle appellant was driving between 2:00 and 3:00 a.m.
after Officer Carter watched appellant strike a curb, fail to maintain a single
lane of traffic, speed, and follow another car too closely.  Upon approaching
appellant=s vehicle, Officer Carter smelled an odor of alcohol
on appellant=s breath and noticed that his eyes were red and
glassy.  Officer Carter asked appellant to step out of the car.  Appellant
admitted drinking three to four beers that evening, having finished the last
one approximately thirty minutes before being stopped.  The officers observed
that appellant was swaying, appeared unsteady on his feet, and slurred his
speech.  Officer Carter also testified at trial that appellant leaned against
the car during questioning.  The officers informed appellant that they
suspected him of DWI and requested that he undergo sobriety testing.  Appellant
refused to submit to any testing and was arrested.

The jury viewed a video of appellant=s arrest and
transportation to jail.  In  the video, appellant appeared to close his eyes
and slowly lean forward at one point, then close his eyes and slowly lean to
the side at another.  At trial, both officers opined that appellant had passed
out in those instances, which indicated to them that he was intoxicated.

Both officers testified that appellant
displayed signs of intoxication indicating physical impairment, but Officer
Burns also testified that appellant showed signs of mental impairment. 
Although Officer Burns stated that appellant was only Apossibly
intoxicated@ based on his observations, he later explained that
while all the clues led him to believe appellant was intoxicated, appellant=s refusal to
submit to testing made it hard for him to say how intoxicated appellant was.

Appellant now challenges his conviction, claiming the
evidence was legally and factually insufficient to support the jury=s verdict.








II.  Analysis

The jury could convict appellant of driving while intoxicated
if it found beyond a reasonable doubt that he operated a motor vehicle in a
public place while intoxicated.  See Tex.
Penal Code Ann. ' 49.04(a) (Vernon 2003).  Under Texas law,
the State may prove a defendant is intoxicated by proving the defendant did not
have the normal use of either his mental or his physical faculties due to the
introduction of alcohol into his body.  See id. ' 49.01(2)(a); Kitchens v. State,
823 S.W.2d 256, 258 (Tex. Crim. App. 1991); Herrera v. State, 11 S.W.3d
412, 414B15 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d).  Appellant does not dispute that
he was operating a motor vehicle in a public place.  Therefore, we will affirm
appellant=s conviction if the evidence sufficiently demonstrates he was intoxicated
because he did not have the normal use of either his mental or his physical
faculties due to the introduction of alcohol into his body.

A. 
Legal Sufficiency

In reviewing a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of a crime
beyond a reasonable doubt.  Salinas v. State, 163 S.W.3d 734, 737 (Tex.
Crim. App. 2005).  The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose to
believe or disbelieve any portion of the testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).  The jury may also draw reasonable
inferences from basic facts to ultimate facts.  Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996).  When faced with conflicting evidence,
we presume the trier of fact resolved conflicts in favor of the prevailing
party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).








The jury had substantial evidence from which it could infer
that appellant was intoxicated, including (1) the testimony and videotaped
observations of Officers Burns and Carter that there were multiple indicatorsCspeeding,
following too closely, failing to maintain a single lane of traffic, having an
odor of alcohol, bloodshot eyes, slurred speech, swaying, and unsteadinessCwhich based on
their experience and training indicated to them that appellant was intoxicated[1]
at the time of the traffic stop; (2) both officers= testimony that
appellant displayed signs of intoxication[2]
indicating physical impairment; (3) Officer Burns=s testimony that
appellant also showed signs of intoxication[3]
indicating mental impairment; (4) appellant=s refusal of
sobriety testing;[4]
and (5) both officers= testimony that, based on their review of
the video, appellant apparently passed out on the way to the station.[5] 
Additionally, appellant admitted consuming three to four beers, with his last
drink being approximately thirty minutes before the traffic stop.








On appeal, appellant challenges the evidence described
above by pointing to evidentiary conflicts, which we presume the jury resolved
in favor of the State.  See Turro, 867 S.W.2d at 47.  Appellant also
emphasizes evidentiary discrepancies that ultimately only call into question
the officers= credibility, an issue within the sole province of the
jury.  See Fuentes, 991 S.W.2d at 271; Sharp, 707 S.W.2d at 614. 
Viewing the evidence in the light most favorable to the verdict, we conclude
that a rational trier of fact could have found beyond a reasonable doubt that
appellant did not have the normal use of either his mental or his physical
faculties due to the introduction of alcohol into his body.  We therefore
overrule appellants legal sufficiency challenge.

B. 
Factual Sufficiency

In evaluating the factual sufficiency of the evidence, we
view all the evidence in a neutral light and will set aside the verdict only if
we are able to say, with some objective basis in the record, that the
conviction is clearly wrong or manifestly unjust because the great weight and
preponderance of the evidence contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 414B17 (Tex. Crim.
App. 2006).  We cannot declare that a conflict in the evidence justifies a new
trial simply because we disagree with the jury=s resolution of
that conflict, and we do not intrude upon the fact-finder=s role as the sole
judge of the weight and credibility of witness testimony.  See id. at
417; Fuentes, 991 S.W.2d at 271.  The fact-finder may choose to believe
all, some, or none of the testimony presented.  Chambers v. State, 805
S.W.2d 459, 461 (Tex. Crim. App. 1991); In re A.B., 133 S.W.3d 869, 872
(Tex. App.CDallas 2004, no pet.).  In our review, we discuss the
evidence appellant claims is most important in allegedly undermining the jury=s verdict, Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003), and if we determine
the evidence is factually insufficient, we must explain in exactly what way we
perceive the conflicting evidence to greatly preponderate against conviction.  Watson,
204 S.W.3d at 414B17.

Appellant contends the following evidence contradicts the
inculpatory evidence described above and allegedly undermines the jury=s verdict: 

(1) the lack of evidence that appellant was mentally impaired, 

(2) the lack of evidence supporting Officer Carter=s observation that appellant was
unsteady,








(3) Officer Burns=s testimony that appellant was only
Apossibly intoxicated@ in light of his experience, which
was more extensive than Officer Carter=s,[6]


(4) the officers= failure to include in their
offense report or driver=s license revocation hearing
testimony that appellant had passed out, 

(5) the officers= failure to give appellant more
than one reason for stopping him, despite the numerous reasons cited at trial,
and their failure to record any of the other reasons mentioned,

(6) the discrepancy between Officer Carter=s administrative hearing testimony
and trial testimony regarding whether appellant had an accent, as opposed to
slurred speech, and 

(7) evidence suggesting the
officers were acting with bias or improper motive.








First, the lack of evidence that appellant was mentally
impaired does not undermine the verdict, given that the State presented
sufficient evidence of appellant=s physical
impairment, as discussed above.  See Tex. Penal Code Ann. ' 49.01(2)(a); Kitchens, 823
S.W.2d at 25; Herrera, 11 S.W.3d at 414B15.  Second, although Officer Carter
admitted that appellant did not hold onto his car for support, the jury was
still free to infer appellant=s unsteadiness from Officer Carter=s testimony that
appellant leaned against a car during questioning.  See Clewis, 922
S.W.2d at 133.  Third, regardless of their different experience levels, both
officers testified they believed appellant was intoxicated[7]
and physically impaired.  See Gilbert v. State, No. 14‑05‑01244‑CR, 2007 WL 704981, at *3 (Tex. App.CHouston [14th Dist.] Mar. 8, 2007,
pet. ref=d) (mem. op., not designated for
publication) (finding appellant=s focus on officer=s testimony that appellant was only Apossibly intoxicated@ to the exclusion of officer=s testimony that appellant had lost
normal use of his mental and physical faculties unpersuasive in sufficiency
analysis).  Officer Carter explained that he first mentioned at trial that
appellant passed out because he first noticed it during a pretrial review of
the tape.  Though the officers only gave appellant one reason for the stop,
they mentioned all but one of the other reasons given at trial on the video,
and they explained at trial that the reasons not memorialized on the video tape
had occurred before the camcorder began recording.  The remainder of appellant=s contradictory
evidence only challenges the officers= credibility, an
issue within the sole province of the jury.  See Watson, 204 S.W.3d at
417; Fuentes, 991 S.W.2d at 271.

Based on the evidence before it, the jury chose to believe
the officers.  Having neutrally reviewed the entire record, we hold that it contains
no objective basis for saying that appellant=s conviction is
clearly wrong or manifestly unjust because the great weight and preponderance
of the evidence contradicts the jury=s verdict.  We
therefore overrule appellant=s factual sufficiency challenge.

Having determined that the evidence was legally and
factually sufficient to support the jury=s verdict, we
overrule appellant=s sole issue and affirm the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

 

Panel consists of
Justices Yates, Seymore, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  See State v. Houth, 845 S.W.2d 853, 856 (Tex.
Crim. App. 1992) (implying that failure to maintain a single lane of traffic
can be an indicator of intoxication); Cotton v. State, 686 S.W.2d 140,
142B43 & n.3 (Tex. Crim. App. 1985) (enumerating a
nonexclusive list of signs recognized as evidence of intoxication, including
odor of alcohol on person or breath, unsteady balance, staggered gait, slurred
speech, and bloodshot eyes); Adams v. State, 156 S.W.3d 152, 156 (Tex.
App.CBeaumont 2005, no pet.) (considering speeding as
evidence of DWI); Banks v. State, No. 06‑00‑00152‑CR,
2002 WL 91343, at *1 (Tex. App.CTexarkana Jan.
25, 2002, no pet.) (not designated for publication) (considering  following too
closely as evidence of intoxication). 





[2]  Henderson v. State, 29 S.W.3d 616, 622 (Tex.
App.CHouston [1st Dist.] 2000, pet. ref=d) (Athe testimony
of a police officer that an individual is intoxicated is probative evidence of
intoxication@).





[3]  Id.





[4]  See Tex.
Transp. Code Ann. ' 724.061 (Vernon 1999) (refusal of testing may be
brought up at trial); Finley v. State, 809 S.W.2d 909, 913 (Tex. App.CHouston [14th Dist.] 1991, pet. ref=d) (holding jury may consider refusal to provide
breath or blood sample as evidence of guilt).





[5]  See Cotton, 686 S.W.2d at 142 (recognizing
drowsiness as evidence of intoxication); Sandvig v. State, No. 03‑04‑00345‑CR,
2006 WL 431379, at *3 (Tex. App.CAustin
Feb. 24, 2006, pet. dism=d) (mem. op., not designated for publication) (stating
that evidence showing appellant apparently passed out allowed inference of
intoxication).





[6]  On the evening of the stop, Officer Carter was a
Probationary Police Officer, and Officer Burns was his Field Training Officer.





[7]   To explain his testimony that appellant was only Apossibly intoxicated,@ Officer Burns testified that while all the clues led him to believe
appellant was intoxicated, appellant=s
refusal of testing made it hard for him to say how intoxicated appellant
was.  Thus, Officer Burns=s doubts apparently applied only to the level of
appellant=s intoxication, rather than to the question of whether
appellant was intoxicated.